[No. F031267. Fifth Dist. Apr. 16, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
FEDERICO LOPEZ RAMIREZ, Defendant and Appellant.

**COUNSEL**

Rudy Banuelos for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, J. Robert Jibson and Jean M. Marinovich, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**THAXTER, Acting P. J.—**

### FACTS AND PROCEDURAL HISTORY

After a search of his residence revealed 16 ounces of methamphetamine, some cocaine, $2,035 cash and a .357 revolver, appellant Federico Lopez Ramirez was charged by complaint filed in Fresno County Municipal Court on November 8, 1994, with possession of cocaine for sale (Health & Saf. Code, § 11351, count one) and possession of methamphetamine for sale (Health & Saf. Code, § 11378, count two). The complaint also alleged as to both counts that appellant was personally armed with a firearm within the meaning of Penal Code[1] section 12022 and that appellant possessed 57 grams or more of methamphetamine within the meaning of section 1203.073, subdivision (b)(2). On December 8, 1994, after signing a change of plea form which included an immigration advisement, and after receiving additional advisements in open court, appellant pled guilty to count two and admitted the arming allegation. The remaining allegations were dismissed and there was a stipulated lid of five years in state prison. After being excluded from California Rehabilitation Center, appellant was sentenced to five years in state prison.

---

[1]All further references are to the Penal Code unless otherwise noted.

On June 2, 1998, while out on parole, appellant moved to vacate the judgment based upon the trial court's failure to advise him verbally of the immigration consequences of his plea. Appellant is not a citizen and was facing deportation. On June 22, 1998, the motion to vacate was denied. Appellant filed his timely notice of appeal on July 6, 1998.

## DISCUSSION

Although appellant concedes the immigration advisement in the change of plea form contains all components of an adequate warning of the consequences for a noncitizen of pleading guilty to a felony offense, he argues section 1016.5 nonetheless requires a verbal advisement by the trial court of the immigration consequences of a plea.

Our reading of section 1016.5 does not bring us to the same conclusion. And we believe appellant has misconstrued the line of authority upon which he relies, including *People* v. *Gontiz* (1997) 58 Cal.App.4th 1309 [68 Cal.Rptr.2d 786], a decision out of the Third Appellate District. We begin with the statutory language.

Section 1016.5 provides in relevant part as follows:

"(a) Prior to acceptance of a plea of guilty or nolo contendere to any offense punishable as a crime under state law, . . . the court shall administer the following advisement on the record to the defendant:

"If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

In the absence of advisements on the record, subdivision (b) of section 1016.5 presumes no advisement was given. Subdivision (b) also provides that the remedy for failing to give the advisement is to vacate the judgment which rests on the guilty plea. We note there is no language which states the advisements must be verbal, only that they must appear on the record and must be given by the court.

Our state Supreme Court has held a validly executed waiver form is a proper substitute for verbal admonishment by the trial court. (*In re Ibarra* (1983) 34 Cal.3d 277, 285-286 [193 Cal.Rptr. 538, 666 P.2d 980].) Particularly, in *Ibarra*, the court addressed constitutionally mandated advisements required under *Boykin* v. *Alabama* (1969) 395 U.S. 238 [89 S.Ct. 1709, 23

L.Ed.2d 274] and *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449]. It also stated in *Ibarra*: "A sufficient waiver form can be a great aid to a defendant in outlining [a defendant's] rights. The defense attorney, who is already subject to a duty to explain the constitutional rights outlined in a proper waiver form to his client prior to the client's entering a plea, may even find it desirable to refer to such a form. Thus, a defendant who has signed a waiver form upon competent advice of his attorney has little need to hear a ritual recitation of his rights by a trial judge. The judge need only determine whether defendant had read and understood the contents of the form, and had discussed them with his attorney." (*In re Ibarra, supra*, at pp. 285-286.)

Appellant argues this may be true for constitutionally mandated advisements, but not for legislatively mandated advisements where there is an express requirement that the trial court give the advisements "on the record." We disagree. Certainly constitutionally required mandates are equally as important as those mandated by statute. And, as we have noted, there is no language in the statute requiring verbal advisements by the court. As the Third Appellate District noted in *People* v. *Quesada* (1991) 230 Cal.App.3d 525 [281 Cal.Rptr. 426], the legislative purpose of section 1016.5 is to ensure a defendant is advised of the immigration consequences of his plea and given an opportunity to consider them. So long as the advisements are given, the language of the advisements appears in the record for appellate consideration of their adequacy, and the trial court satisfies itself that the defendant understood the advisements and had an opportunity to discuss the consequences with counsel, the legislative purpose of section 1016.5 is met. (230 Cal.App.3d at pp. 535-536.) We agree with the analysis in *Quesada*.

Notwithstanding the holding in *Quesada*, appellant argues *Quesada* has been disapproved in *People* v. *Gontiz, supra*, 58 Cal.App.4th 1309 and therefore should not be followed by this court. However, a careful reading of *Gontiz* reveals the reason *Quesada* is disapproved is not because a change of plea form was used, but because *Quesada* was not particularly concerned with the precise language of the advisement given. (*People* v. *Gontiz, supra*, at p. 1316.) In *Gontiz*, the court had failed to warn the defendant he could be excluded from the United States. It only warned he could be deported and denied naturalization. *Gontiz* refused to adopt language in *Quesada* which suggested precise language was not necessary and reiterated the importance of using the precise statutory language when giving the advisements to ensure nothing is overlooked. It required that the defendant receive warning of all three possible adverse consequences addressed by section 1016.5. *Gontiz* does not, as appellant contends, disapprove of using a change of plea form to give the advisements where the precise statutory language is used.

Here the record contains a copy of the change of plea form which appellant signed. Thus we are able to review the adequacy of the language used. Appellant was warned of all three possible consequences in precise statutory language. In addition, the record establishes the trial court inquired into whether appellant had reviewed the form with his attorney, whether it had been translated into Spanish and whether appellant understood the advisements discussed and the rights ultimately waived. The statute requires no more. We therefore reject appellant's contention to the contrary and affirm.

## DISPOSITION

Judgment affirmed.

Buckley, J., and Levy, J., concurred.