Filed 7/3/13  P. v. Alvarez-Quintero CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ARMANDO ALVAREZ-QUINTERO,<br><br>    Defendant and Appellant. | F065134<br><br>(Super. Ct. No. BF132212A)<br><br>**OPINION** |

---

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Michael B. Lewis, Judge.

Jennifer Hansen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Deputy Attorney General, for Plaintiff and Respondent.

---

[*]    Before Levy, Acting P.J., Poochigian, J. and Peña, J.

-ooOoo-

This is an appeal from an order denying a motion to vacate the judgment pursuant to Penal Code section 1016.5 (hereafter, section 1016.5).  We conclude that principles of stare decisis favor adherence to the rule established by this court in *People v. Ramirez* (1999) 71 Cal.App.4th 519, 522, permitting the section 1016.5 advisement to be given in writing prior to acceptance of a guilty or no contest plea, and that defendant and appellant Armando Alvarez-Quintero has not presented sufficient reasons for changing that rule. Accordingly, we affirm the order on defendant's section 1016.5 motion.

## FACTS AND PROCEDURAL HISTORY

In 2011, defendant pled no contest to four felony counts and one misdemeanor count, as follows:  transportation or sale of methamphetamine (count 1, Health & Saf. Code, § 11379, subd. (a)); possession of methamphetamine while in possession of a loaded firearm (count 2, *id*., § 11370.1, subd. (a)); possession of methamphetamine for sale (count 3, *id*., § 11378); possession of methamphetamine (count 4, *id*., § 11377, subd. (a)); carrying a loaded firearm in a public place (count 5, former Pen. Code § 12031, subd. (a)(1).)  Pursuant to the plea bargain, the court on October 31, 2011, sentenced defendant to an operative sentence of probation with one year in county jail.

Prior to the change of plea hearing, defendant met with his attorney and a Spanish language translator and reviewed a change of plea form advising defendant of his rights and providing certain other advisements.  In particular, counsel and the translator reviewed with defendant, and defendant initialed, a provision in the change of plea form entitled "**ALIEN STATUS**," which stated:  "I understand that if I am not a Citizen of the United States, my guilty or no contest plea will result in my deportation, exclusion from admission to the United States, and denial of naturalization under the laws of the United States. **Deportation is Mandatory for some offenses.  I have fully discussed this matter with my attorney and understand the serious immigration consequences of**

2.

**my plea.**" (All boldface in original.) Defendant signed the form, declaring under penalty of perjury that he had read and understood the advisements on the form. Defense counsel signed a statement that he had reviewed the form with his client, explained it to him, and answered all his questions. Counsel specifically stated: "I have also explained any possible immigration consequences that may result from this plea." The translator certified that she had translated the change of plea form into Spanish and that defendant stated to her that defendant understood the contents of the form.

At the change of plea hearing, the court received the change of plea form. The court asked defendant if he had enough time to talk to his attorney about the case and whether he had any questions for counsel or for the court. Defendant said he had talked to his attorney and had no questions. After other stipulations and waivers, the court accepted defendant's plea and set the matter for sentencing.

By May 3, 2012, defendant was in the custody of immigration authorities awaiting deportation on the basis of his criminal convictions in the present case. On that date, defendant filed a motion pursuant to section 1016.5, subdivision (b), contending, as relevant to this appeal, that the trial court had failed to advise him of the immigration consequences of his no contest plea. At the hearing on the motion, the court found, based on the reporter's transcript of the change of plea hearing and the change of plea form itself, "there was sufficient compliance with 1016.5."

### DISCUSSION

Section 1016.5, subdivision (a), states: "Prior to acceptance of a plea of guilty or nolo contendere to any offense punishable as a crime under state law, except offenses designated as infractions under state law, the court shall administer the following advisement on the record to the defendant: [¶] If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." Subdivision (b) provides that a

3.

defendant who is not so advised is entitled to have his or her plea and judgment vacated upon a showing that conviction of the offense may have those immigration consequences.

Defendant acknowledges that in the case of *People v. Ramirez, supra,* 71 Cal.App.4th at page 522, this court expressly held that advisement of possible immigration consequences of a plea through the use of a change of plea form like the one in this case satisfies the requirements of section 1016.5. The holding in *Ramirez* was based on a similar holding concerning section 1016.5 by the court in *People v. Quesada* (1991) 230 Cal.App.3d 525, 535-536, and the Supreme Court's decision in *In re Ibarra* (1983) 34 Cal.3d 277, 285-286, approving the use of change of plea forms for advisements concerning constitutional rights waived by a guilty or no contest plea. Defendant nevertheless contends that the settled case law in this area is wrong, and that section 1016.5, subdivision (a), requires an oral advisement of immigration consequences by the judge personally and on the record at the change of plea hearing. He employs the same reasoning rejected in *Ramirez.*

The *Ramirez* rule fully satisfies the legislative statement of purpose expressed in section 1016.5: "[I]t is the intent of the Legislature in enacting this section to promote fairness to [] accused individuals by requiring in such cases that acceptance of a guilty plea or a plea of nolo contendere be preceded by an appropriate warning of the special consequences for such a defendant which may result from the plea. It is also the intent of the Legislature that the court in such cases shall grant the defendant a reasonable amount of time to negotiate with the prosecuting agency in the event the defendant or the defendant's counsel was unaware of the possibility" of adverse immigration consequences. (*Id.*, subd. (d).) Further, in the two decades since the *Quesada* opinion and the 14 years since *Ramirez*, the Legislature has not changed or clarified section 1016.5 to require oral advisement by the trial court. Countless pleas of guilty and no contest have been accepted during that time based upon the use of change of plea form advisements of possible adverse immigration consequences. In light of these

4.

circumstances, defendant's proffered reasons for revisiting this court's interpretation of section 1016.5, subdivision (a), are unpersuasive.  (See, e.g., *Arentz v. Blackshere* (1967) 248 Cal.App.2d 638, 640.)  Pursuant to the doctrine of stare decisis, we reiterate the rule from *People v. Ramirez, supra,* 71 Cal.App.4th at page 522:  No further oral advisement by the trial court concerning immigration consequences of a change of plea is required when a defendant has been fully advised of the possible adverse immigration consequences of his or her change of plea; the defendant has advised the court, on the record, that he or she understands that advisement and does not wish additional time to discuss the matter with counsel; and the change of plea form is made a part of the record, attesting to the fact that the advisement was given to the defendant in a language he understood and that the defendant did understand the advisement.  Accordingly, we reject defendant's contrary contention.

## DISPOSITION

The order denying defendant's motion under section 1016.5 is affirmed.