Filed 8/1/13  P. v. Delgado CA5

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CAMILO CANDELARIO DELGADO,<br><br>Defendant and Appellant. | F065262<br><br>(Super. Ct. No. CF95542510)<br><br>**O P I N I O N** |

THE COURT\*

APPEAL from a judgment of the Superior Court of Fresno County.  D. Tyler Tharpe, Judge.

Roger D. Wilson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Leanne Le Mon, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*	Before Wiseman, Acting P.J., Levy, J., and Detjen, J.

The trial court denied appellant Camilo Candelario Delgado's motion pursuant to Penal Code section 1016.5[1] to vacate his 1995 conviction for grand theft (§ 487, subd. (c)).

On appeal, Delgado contends: 1) the court abused its discretion when it denied his motion to vacate; 2) the trial court abused its discretion when it considered unknown, uncharged crimes when it sentenced him on his 1995 grand theft conviction; and 3) he should be allowed to withdraw his plea because he did not receive the benefit of his 1995 plea bargain. We affirm.

## FACTS

On October 5, 1995, Delgado pled guilty to grand theft. Prior to entering his plea Delgado filled out a change of plea form. On the form he initialed item 10 which provided, "I understand that if I am not a citizen of the United States a plea of Guilty or No Contest could result in deportation, exclusion from admission to this country, and/or denial of naturalization." He also signed an acknowledgment on the form that, in pertinent part, stated he understood its contents. The form also was signed by an interpreter who asserted he or she had been duly sworn and had translated the change of plea form and "all the questions therein" to Spanish for Delgado, that Delgado indicated he understood the contents of the form, and that Delgado initialed and signed the form. Defense counsel signed an acknowledgement on the form that he personally "read and explained" each item on the form to Delgado.

During the change of plea hearing the following colloquy occurred:

"THE COURT: *Do you fully understand the form you filled out?*

"DEFENDANT DELGADO: *Yes.*

---

[1] All further statutory references are to the Penal Code.

2

"THE COURT: Any question about the rights you're giving up in order to plead guilty?

"DEFENDANT DELGADO: No.

"THE COURT: *Do you fully understand the possible consequences of your plea?*

"DEFENDANT DELGADO: *Yes.*

"THE COURT: In addition to those listed on the form I'll advise you you could be ordered to pay fines and restitution of up to $10,000. I've added that to the form. [¶] *Are these your initials and signature on the form?*

"DEFENDANT DELGADO: *Yes.*" (Italics added.)

On April 27, 2012, Delgado filed a statutory motion pursuant to section 1016.5 to dismiss his 1995 grand theft conviction on the grounds that he had not been properly advised of the immigration consequences of his plea when he entered it.

In an attached declaration, attorney Guadalupe Garcia stated Delgado consulted with her office seeking to adjust his immigration status through Cancelation of Removal for Non-Permanent Residents. According to Garcia, although Delgado is a strong candidate because he meets the other requirements, his 1995 grand theft conviction disqualifies him from obtaining relief. Delgado, however, did not submit a declaration in support of his motion.

On June 8, 2012, the court denied Delgado's motion. Delgado did not testify at the hearing.

## DISCUSSION

Delgado contends the court abused its discretion when it denied his motion to dismiss his 1995 grand theft conviction because he was not properly advised of the immigration consequences of his plea and he has suffered prejudice because he is currently facing denial of permanent resident status and would not have pled guilty if he had been properly advised of these consequences. We disagree.

3

Section 1016.5 provides in relevant part as follows:

"(a) Prior to acceptance of a plea of guilty or nolo contendere to any offense punishable as a crime under state law, ... the court shall administer the following advisement on the record to the defendant:

"If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

In *People v. Ramirez* (1999) 71 Cal.App.4th 519, 521-522 (*Ramirez*), this court stated:

"In the absence of advisements on the record, subdivision (b) of section 1016.5 presumes no advisement was given. Subdivision (b) also provides that the remedy for failing to give the advisement is to vacate the judgment which rests on the guilty plea. We note there is no language which states the advisements must be verbal, only that they must appear on the record and must be given by the court.

"Our state Supreme Court has held a validly executed waiver form is a proper substitute for verbal admonishment by the trial court. (*In re Ibarra* (1983) 34 Cal.3d 277, 285-286.) Particularly, in *Ibarra*, the court addressed constitutionally mandated advisements required under *Boykin v. Alabama* (1969) 395 U.S. 238 [89 S.Ct. 1709, 23 L.Ed.2d 274] and *In re Tahl* (1969) 1 Cal.3d 12. It also stated in *Ibarra*: 'A sufficient waiver form can be a great aid to a defendant in outlining [a defendant's] rights. The defense attorney, who is already subject to a duty to explain the constitutional rights outlined in a proper waiver form to his client prior to the client's entering a plea, may even find it desirable to refer to such a form. Thus, a defendant who has signed a waiver form upon competent advice of his attorney has little need to hear a ritual recitation of his rights by a trial judge. The judge need only determine whether defendant had read and understood the contents of the form, and had discussed them with his attorney.' (*In re Ibarra*, *supra*, at pp. 285-286.)" (*People v. Ramirez* (1999) 71 Cal.App.4th 519, 521-522, accord *People v. Quesada* (1991) 230 Cal.App.3d 525 (*Quesada*).)

Here, Delgado executed a change of plea form, which through item 10 advised him of the immigration consequences of his plea. Delgado acknowledged that he

understood these consequences by writing his initials in the box next to item 10. Additionally, an interpreter signed an acknowledgement on the form that he translated the form to Spanish for Delgado, that Delgado acknowledged he understood its contents, and that Delgado initialed and signed the form. Further, Delgado's defense counsel signed an acknowledgment on the form that he personally read and explained the contents of the form to Delgado and that Delgado initialed and signed the form. During the change of plea proceedings, in response to the court's inquiries Delgado stated that he "fully understood" the change of plea form and the possible consequences of his plea and he acknowledged that he initialed and signed the form. Accordingly, we conclude that the trial court complied with the requirements of section 1016.5.

Delgado contends the following circumstances indicate he did not understand the admonition contained in the form: 1) the immigration advisement was buried in the middle of a "wordy, crowded, and intimidating plea form"; 2) Delgado initialed two sections on the form that did not apply to him, which indicates he signed it as directed by his attorney or interpreter; 3) Delgado signed the form the same morning he entered his plea; and 4) he had a limited understanding of English, had only a ninth-grade education, and had been in the United States only a year and a half.

Delgado, however, did not submit a declaration or testify at the hearing on his motion. Thus, his claim that the above circumstances indicate he did not understand the admonition on the change of plea form regarding the immigration consequence of his plea is pure speculation because it is bereft of evidentiary support.

Delgado also contends that *Ramirez* and *Quesada* are not controlling because they do not apply to situations like the instant case "where the court has notice of illegal alien status[2] and language barriers, and has not attempted to question the defendant and his

---

[2] Delgado's 1995 probation report indicated he was undocumented.

5

counsel to ensure the defendant actually understood the form and was notified of his immigration consequences." Delgado forfeited this argument on appeal by his failure to provide argument or authority in support of it. (*People v. Catlin* (2001) 26 Cal.4th 81, 133.) Thus, we conclude that the court did not abuse its discretion when it denied Delgado's motion to dismiss his 1995 grand theft conviction.

### *Delgado's Other Claims are not Properly Before this Court*

Delgado contends his 1995 grand theft conviction should be vacated because 1) the trial court considered "unknown, uncharged crimes" when it sentenced him; and 2) the prosecutor did not honor a promise to release him immediately after he was sentenced and he remained in jail an additional six days. These contentions are not properly before us.

> "An appeal in a criminal case is taken by filing a notice of appeal within 60 days after the rendition of judgment. (Cal. Rules of Court, rule 8.308(a).) '[T]he sole required procedural step of filing a notice of appeal is critical to rendering the appeal operative following a judgment of conviction. In general, a timely notice of appeal is "'essential to appellate jurisdiction.' [Citation.] It largely divests the superior court of jurisdiction and vests it in the Court of Appeal. [Citation.] An untimely notice of appeal is 'wholly ineffectual: The delay cannot be waived, it cannot be cured by nunc pro tunc order, and the appellate court has no power to give relief, but must dismiss the appeal on motion of a party or on its own motion.' [Citation.]"' [Citation.]" (*People v. Byron* (2009) 170 Cal.App.4th 657, 664-665.)

Since the original judgment in this matter was rendered in 1995, these contentions are dismissed because Delgado's appeal of these matters is untimely.

### <u>DISPOSITION</u>

The judgment is affirmed.

6