Filed 9/12/13  P. v. Lynch CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D062929 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN309690) |
| MARK LYNCH, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Kimberlee A. Lagotta, Judge.  Affirmed.

Patrick Morgan Ford, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Alana Butler and Sabrina Y. Lane-Erwin, Deputy Attorneys General, for Plaintiff and Respondent.

Mark Lynch pled guilty to receiving a stolen vehicle and admitted a strike prior conviction.  On appeal, he contends the trial court failed to properly advise him of his

jury trial and attendant rights before accepting his admission of the strike prior.  We conclude he was properly advised, and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 1, 2012, the police observed Lynch (accompanied by his girlfriend) removing items from the back seat of a stolen car.  When the police shouted at Lynch to put his hands up, he started fleeing the scene.  After the police warned him they would release the police dog, he stopped and was compliant with his arrest.  During their investigation, the police ascertained that property belonging to the car's owner was missing from the car, and the car contained items belonging to another victim whose car was also stolen.

Lynch was charged with unlawful driving or taking a vehicle (count 1); receiving a stolen vehicle (count 2); receiving stolen property (count 3); and resisting an officer (count 4).  Counts 1 and 2 included allegations that he had previously been convicted of unlawful driving or taking a vehicle.  He was also charged with three prior prison terms and a strike prior conviction.

On September 17, 2012, Lynch pled guilty to receiving a stolen vehicle (count 2, Pen. Code,[1] § 496d) and admitted the enhancement for this count (having a prior

---

[1]     Subsequent unspecified statutory references are to the Penal Code.

conviction of unlawfully driving or taking a vehicle, § 666.5, subd. (a)).[2]  He also admitted the strike prior conviction.  In exchange, the prosecution agreed to a four-year sentence (the lower two-year term, doubled based on the strike prior) and to dismiss the balance of the charges.

*The Guilty Plea Form*

The guilty plea form signed by Lynch contains standard advisements about his waiver of constitutional rights.  A section titled "Constitutional Rights" states in relevant part:

> "6a.  [¶] . . . [¶] **I understand that as to all charges, allegations, and prior convictions filed against me, and as to any facts that may be used to increase my sentence, now or in the future, I also have the following constitutional rights, which I now give up to enter my plea of guilty/no contest**:
>
> "6b.  I have the right to a **speedy and public trial by jury**.  **I now give up this right**.
>
> "6c.  I have the right to **confront and cross-examine all the witnesses** against me.  **I now give up this right**.
>
> "6d.  I have the right to **remain silent** (unless I choose to testify on my own behalf).  **I now give up this right**.
>
> "6e.  I have the right to **present evidence in my behal**f and to have the court subpoena my witnesses at no cost to me.  **I now give up this right**."

---

[2]     Initially, the guilty plea form stated that Lynch was pleading guilty to count 1 (unlawful driving or taking a vehicle), but it recited the factual basis for count 2 (receiving a stolen vehicle).  At the ensuing change of plea hearing, the parties agreed to change the plea form to reflect an admission to count 2, which carried the same sentence as count 1.

3

Defendant initialed the box next to each constitutional right listed on the guilty plea form.

The guilty plea form also contains statements, signed by defendant and his attorney, indicating that defendant's attorney explained "the entire contents" of the form to defendant and that defendant understood each item on the form. These signed statements appear as follows. For defendant:

> "I declare under penalty of perjury that I have ~~read~~, understood, and initialed each item above and any attached addendum, and everything on the form and any attached addendum is true and correct."

For defendant's attorney:

> "I, the attorney for the defendant in the above-entitled case, personally ~~read and~~ explained to the defendant the entire contents of this plea form and any addendum thereto. I discussed all charges and possible defenses with the defendant, and the consequences of this plea, including any immigration consequences. I personally observed the defendant fill in and initial each item, or ~~read and~~ initial each item to acknowledge his/her understanding and waivers. I observed the defendant date and sign this form and any addendum. I concur in the defendant's plea and waiver of constitutional rights."[3]

*Change of Plea Hearing*

At the change of plea hearing, the trial court reviewed the guilty plea form with Lynch, during which Lynch acknowledged that he understood the contents of the form and that he understood and was waiving his constitutional rights to a jury trial. The colloquy was as follows:

---

[3]    The references to "read" were crossed out in these paragraphs with a handwritten line.

4

"The court: I have a change of plea form. It has your name at the top, your initials throughout the form, as well as your signature at the back of the form, agreed?

"The defendant: Yes, Ma'am.

"The court: *By signing and initialing the form, you acknowledge* you've read the change of plea form, *you understand its contents*, as well as the consequences of your change of plea form; correct?

"The defendant: Yes, Ma'am.

"The court: *You do have the constitutional right to a jury trial.* Do you understand those constitutional rights?

"The defendant: Yes, Ma'am.

"The court: *Are you willing to waive those rights in order to enter this guilty plea*?

"The defendant: Yes." (Italics added.)

The court then delineated the specifics of Lynch's guilty plea, the factual basis for the plea, the stipulated sentence, and the consequences of the plea. Concerning the specifics of the guilty plea, the court stated that Lynch was pleading guilty to count 2 ("knowingly receiving and withholding a stolen vehicle"); admitting a prior conviction of "auto theft"; and admitting a strike prior. When the court asked if this was what he intended to plead to, Lynch answered affirmatively. The court then took his plea and accepted it, finding that Lynch had made a "knowing, intelligent and voluntary waiver of his constitutional rights."

5

*Discussion of Guilty Plea Form at* Marsden *Hearings*

After his guilty plea and prior to sentencing, Lynch was provided with two

Marsden[4] hearings to review his complaints about his counsel. His complaints did not

concern the advisement and waiver of his jury trial rights at issue here; however, during

the *Marsden* hearings he and his counsel discussed his understanding of the guilty plea

form as it related to other matters.[5] Lynch's attorney (Mary Gaines) stated that she has

been a criminal defense lawyer for over 30 years; when she fills out the guilty plea form

she is "*very specific with the clients about the form*"; she goes through "*each item*" on the

---

[4] *People v. Marsden* (1970) 2 Cal.3d 118.

[5] At these *Marsden* hearings, Lynch complained because, among other things, his counsel had not provided him with a police report. His counsel responded that the report had now been redacted and was ready to be sent to him. Lynch also requested to withdraw his guilty plea because his attorney did not tell him he could not request dismissal of his strike prior if he stipulated to a sentence that included the strike prior as part of the sentence. His attorney stated she specifically reviews each item on the guilty plea form with her clients, and the court noted that Lynch's form stated his stipulated sentence was "doubled because of strike."
Lynch and his counsel also discussed with the court the fact that the guilty plea form was changed to a plea to count 2 instead of count 1 to correlate with the factual description of the offense in the form. (See fn. 2, *ante*.) Further, Lynch's counsel told the court that defendant had not initially wanted to plead guilty, but he agreed to do so after speaking with codefendant's counsel (apparently because his agreement to plead would allow his codefendant girlfriend to plead to a misdemeanor). Lynch did not claim his plea was involuntary due to his conversation with codefendant's counsel.
The trial court found no ineffective representation, and denied the *Marsden* motions. At sentencing, the court reviewed the facts of the current offense and Lynch's criminal history and stated it would not dismiss the strike prior even if it chose to sentence him outside of the plea agreement.

form and explains it; and she typically crosses out the term "read" because it is often difficult for her clients to read the form. (Italics added.) She noted that she understood that the part of the form that the court is most interested in "is *the constitutional rights*."[6] (Italics added.)

In response, Lynch told the court that when he was signing and initialing his plea form, Gaines was simultaneously obtaining a plea form from another individual. Gaines acknowledged that this may have been occurring, and stated that she explains the unique portions of each form to each client, but reviews the items that are the same on the forms, including the portion on the constitutional rights, with "everyone at the same time."

### Sentence

At sentencing, the court imposed the stipulated four-year sentence, consisting of a doubled two-year term based on the strike prior.

### DISCUSSION

Before a trial court accepts a defendant's guilty plea, the court must enumerate the three constitutional rights the defendant is waiving (i.e., to a jury trial, to remain silent,

---

6    Lynch's counsel stated to the court: "When I fill out a change of plea form, *I'm very specific with the clients about the form. I go through each item on the form.* And in particular, the thing—the parts where I handwrote because I know it's difficult for people to read. [¶] And, you know, given the nature of our practice, I also 'x' out at the back where it says that the client read the form because usually they haven't. *I've explained it*, but I read them the part under number 2, which is the stipulated sentence. [¶] . . . [¶] It's a stipulated sentence. So I wouldn't necessarily tell Mr. Lynch, oh, by the way, you cannot now make a motion to have your strike stricken. He's admitted it. He's agreed to a stipulated sentence. . . . [¶] . . . [¶] [W]hat clients are mostly interested in is what is the contract. *What the court's most interested in is the constitutional rights*." (Italics added.)

7

and to confront witnesses), and must obtain waivers of these rights from the defendant. (*People v. Mosby* (2004) 33 Cal.4th 353, 359.) The same advisements and waivers are required prior to the acceptance of a defendant's admission of a prior conviction allegation. (*Id.* at pp. 356, 360.)[7]

Lynch argues that although at the change of plea hearing the trial court generally advised him of the jury trial right, it did not specify that the right applied to the prior strike allegation, and the court did not mention the silence and cross-examination rights. His contention of inadequate advisement is unavailing because a trial court may properly rely on the advisements and waivers in a signed guilty plea form when carrying out its duty to admonish the defendant and secure the waivers. In *In re Ibarra* (1983) 34 Cal.3d 277, 285, the California Supreme Court held that "a validly executed waiver form may . . . act as a proper substitute for admonishment by a trial court . . . ." The *Ibarra* court explained: "[I]n those felony cases which do not involve special circumstances which might indicate that a plea is otherwise involuntary, reliance on such a form by the trial court is sufficient to satisfy the [required admonishments and waivers]. [¶] The underlying purpose of the [admonishment and waiver] rules is to ensure that a defendant is actually informed of his rights, and has had an opportunity to make an intelligent choice to plead guilty. A sufficient waiver form can be a great aid to a defendant in

---

[7] The right to have a jury determine whether a defendant has suffered a prior conviction is a state statutory right, and the rights to silence and confrontation that flow from this statutory jury trial right are likely state constitutional due process rights. (*People v. Mosby, supra*, 33 Cal.4th at p. 360.)

outlining those rights.  The defense attorney, who is already subject to a duty to explain the constitutional rights outlined in a proper waiver form to his client prior to the client's entering a plea, may even find it desirable to refer to such a form.  Thus, *a defendant who has signed a waiver form upon competent advice of his attorney has little need to hear a ritual recitation of his rights by a trial judge.  The judge need only determine whether defendant had read and understood the contents of the form, and had discussed them with his attorney*.  If the questioning of defendant and his attorney leads the judge to believe that the defendant does not in fact fully comprehend his rights, or the consequences of pleading guilty, however, the judge must conduct further canvassing of the defendant to ensure a knowing and intelligent waiver of rights.  [¶] . . . [However,] [i]f counsel properly fulfills his duty to explain the waiver of constitutional rights, a further repetition of rights immediately before a defendant pleads guilty becomes meaningless.  *So long as the waiver form contains sufficient information, and both the defendant and his counsel attest to its valid execution, the judge may, in his discretion, dispense with further explanation to the defendant of his rights*."  (*Id*. at p. 286, italics added; see *People v. Ramirez* (1999) 71 Cal.App.4th 519, 521-522 [court may rely on written plea form for advisements on consequences of plea]; *People v. Panizzon* (1996) 13 Cal.4th 68, 83 [court may rely on written plea form for advisement on waiver of right to appeal]; *People v. Blair* (2005) 36 Cal.4th 686, 709 [court may rely on written waiver of right to counsel for advisement on self-representation].)

9

Lynch initialed and signed a guilty plea form which (1) enumerated the jury trial and attendant rights; (2) stated these rights applied to the charges "*and prior convictions filed against*" him; and (3) stated Lynch was giving up these rights. (Italics added.) Lynch signed the portion of the guilty plea form stating under penalty of perjury that he understood each item on the form, and his attorney signed the portion of the form stating she had explained the entire contents of the form to him. At the change of plea hearing, the trial court asked Lynch if he understood the contents of the form and if he understood and was waiving his jury trial right, and Lynch answered the court's questions affirmatively.

The record shows that through the guilty plea form, Lynch was properly advised of and waived his jury trial and attendant rights, including with respect to his prior convictions. The trial court was entitled to rely on the advisements, waivers, and attestations in the guilty plea form signed by Lynch and his counsel, and the court properly questioned Lynch at the change of plea hearing to ensure that there were no unusual circumstances that diminished the efficacy of the admonishments and waivers contained in the form.[8] Lynch made no statements at the change of plea hearing suggesting he did not understand each item on the form.

---

[8] Although at the change of plea hearing the trial court did not explicitly ask Lynch if he had discussed the guilty plea form with his counsel, the guilty plea form itself contained a signed statement from defense counsel attesting that she had explained the entire contents of the form to Lynch. Moreover, at a *Marsden* hearing, defense counsel told the court that she reviews each item on the form with her clients.

To support his claim of inadequate advisement, Lynch asserts the guilty plea form combined the advisements for both the current charged offenses and the prior convictions, and he was never independently advised of the rights with respect to the prior conviction allegations. Although the guilty plea form referred to both the current charges and the prior convictions in the same sentence when delineating the rights, the sentence made a clear reference to "prior convictions filed against me." Further, at a postplea *Marsden* hearing defense counsel told the court that she does not rely on her client's ability to read the form; rather, she reviews each item on the form with her clients. The record does not show any lack of clarity arising from the joint reference to the current charges and prior conviction allegations in the constitutional rights section of the form.

Lynch also contends there was "a great a deal of confusion" surrounding the events leading up to his guilty plea, including that he agreed to plead guilty only after codefendant's counsel spoke with him; he had little contact with his counsel and when they did speak she was simultaneously speaking with another client; and at the change of plea hearing the guilty plea form was changed to reflect a plea to count 2 rather than count 1. (See fns. 2 & 5, *ante*.) The possibility that codefendant's counsel influenced him to agree to plead guilty, and the fact that he ultimately pled guilty to a different count than originally marked on the guilty plea form, do not show that he did not understand the express statement on the guilty plea form that he had a jury trial and attendant rights for the prior conviction allegations. Further, his counsel's simultaneous handling of more

11

than one client does not alone show she did not provide him a full explanation of the form's contents; to the contrary, counsel told the court that she specifically reviews each item on the guilty plea form with her clients, even when she is assisting multiple clients at the same time.

Also, the record shows that Lynch has a lengthy criminal history and has previously admitted a prior strike allegation, which supports that on a previous occasion he was likely advised of and understood the jury trial and attendant rights for prior conviction allegations. (See *People v. Mosby, supra*, 33 Cal.4th at p. 365 [defendant's prior experience with criminal justice system is relevant to whether he knowingly waived rights]; *People v. Blair, supra*, 36 Cal.4th at p. 709 [same].) Lynch has not shown that he was not aware of, or did not understand, the plain language on the form that applied the delineated rights to both the current charges and the prior conviction allegations.

The record shows that through the use of the guilty plea form and the trial court's questioning of Lynch at the change of plea hearing, Lynch received a proper advisement of his rights with respect to his admission of the prior conviction allegations.

DISPOSITION

The judgment is affirmed.

HALLER, J.

WE CONCUR:

McCONNELL, P. J.

O'ROURKE, J.

13