Filed 1/30/15  P. v. Leyva CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ALEJANDRO ORGANISTA LEYVA,<br><br>    Defendant and Appellant. | G050647<br><br>(Super. Ct. No. 07CF3575)<br><br>O P I N I O N |

Appeal from an order made after judgment of the Superior Court of Orange County, Gregg L. Prickett, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

In March 2008, defendant and appellant Alejandro Organista Leyva pleaded guilty to possession of marijuana for sale, sale or transportation of marijuana, possession of cocaine for sale, and sale or transportation of cocaine. (Health and Saf. Code, §§ 11359, 11360, subd, (a), 11351 & 11352, subd. (a).)

In August 2014, Leyva filed a motion to vacate his guilty plea on the grounds the trial court did not properly advise him of the potential immigration consequences prior to accepting his guilty plea. (Pen. Code, § 1016.5.) The trial court denied the motion, finding Leyva was properly advised and, in any event, Leyva was not prejudiced. Leyva appealed.

We appointed counsel to represent Leyva. She filed a brief which set forth the facts and the procedural history of the case. She did not argue against Leyva, but advised she had not found any issues to argue on Leyva's behalf. (*People v. Wende* (1979) 25 Cal.3d 436; *Anders v. California* (1967) 386 U.S. 738.) However, to assist us in our independent review, she suggested we consider whether the trial court erred when it found Leyva was properly advised and was not prejudiced in any event.

We notified defendant he could file written argument on his own behalf, but the period to do so has passed and we received no communication from him.

We reviewed the record according to our obligations under *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 485 U.S. 738, and we considered the issues suggested by counsel, but we found no arguable issues on appeal.

## DISCUSSION

In support of his motion, Leyva submitted a declaration in which he stated he was not advised by the trial court of the potential immigration consequences of his guilty plea. He also stated he was deported for the offenses to which he pled guilty and was currently residing in Mexico. Further, he stated that had he known he would be deported or there was a chance he would be deported, he would have taken the case to trial.

2

Leyva also submitted a declaration from an immigration attorney which stated the offenses to which Leyva pled guilty mandated deportation. Finally, Leyva provided a reporter's transcript which indicates the trial court did not read the immigration advisement to him before accepting his guilty plea.

To prevail on a motion to withdraw a plea under Penal Code section 1016.5, a defendant must establish: (1) the trial court failed to advise him as required; (2) there is more than a remote possibility that his conviction will have one or more of the specified adverse immigration consequences; and (3) had he been properly advised, he would not have pled guilty. (*People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 192, 199-200.) We review the trial court's denial for abuse of discretion. (*Id*. at p. 192.)

Before accepting a guilty plea, the trial court must advise the defendant of three specific, potential immigration consequences: deportation, exclusion, and denial of naturalization. (Pen. Code, § 1016.5, subd. (a).) The advisements must appear on the record, but they need not be given orally by the judge in open court. Instead, a validly executed waiver is a proper substitute for verbal admonishment. (*In re Ibarra* (1983) 34 Cal.3d 277, 285-286, overruled on other grounds in *People v. Mosby* (2004) 33 Cal.4th 353, 360-361; *People v. Ramirez* (1999) 71 Cal.App.4th 519, 521-522.)

Paragraph 11 of the guilty plea form used in this case contained the required immigration advisements, separately initialed by Leyva in the box provided. Before accepting Leyva's guilty plea, the trial judge asked if he had a chance to read, sign and place his initials in the boxes on the guilty plea form, and Leyva said he had. The trial court also asked Leyva if he had a chance to go over the form with his attorney, and again Leyva said he had.

Thus, the record shows Leyva read and understood the guilty plea form, including the immigration advisements, and had a chance to discuss it with counsel. Consequently, the trial court did not abuse its discretion by denying Leyva's motion to vacate his guilty plea on the grounds the immigration advisement was adequate.

3

Therefore, we need not reach the alternative grounds for denial—Leyva's failure to show prejudice.

## DISPOSITION

The judgment is affirmed.


THOMPSON, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.

4