Filed 2/10/15  P. v. Nava CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G050151 |
| v. | (Super. Ct. No. 96SF0726) |
| ORLANDO NAVA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Gregg L. Prickett, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Defendant Orlando Nava pled guilty to three counts—driving under the influence of alcohol, driving under the influence of alcohol with a blood alcohol level of 0.08 percent or more, and possession of a controlled substance. More than 17 years after his guilty plea, defendant filed a motion to vacate his conviction, which was denied by the trial court. Defendant's request for a certificate of probable cause was granted by the trial court, and defendant appeals from the denial of his motion to vacate. We appointed counsel to represent defendant on appeal. Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), setting forth the facts of the case, raising no issues, and requesting that we independently review the entire record. We provided defendant 30 days to file written argument on his own behalf. The time for filing a supplemental brief has passed, and no written argument has been filed by defendant.

We have examined the entire record and appointed appellate counsel's *Wende/Anders* brief; we find no reasonably arguable issue. (*Wende*, *supra*, 25 Cal.3d 436.) We therefore affirm.

BACKGROUND

In August 1996, defendant was charged with driving under the influence of alcohol (Veh. Code, § 23152, subd. (a) [count 1]), driving under the influence of alcohol with a blood alcohol level of 0.08 percent or more (Veh. Code, § 23152, subd. (b) [count 2]), and possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a) [count 3]). The felony complaint alleged that defendant had suffered a previous conviction for violation of Vehicle Code section 23152, subdivision (a), within seven years of the current offense.

Defendant pled guilty to all three counts. Pursuant to the terms of defendant's plea agreement, the trial court sentenced him to three years' formal probation on count 3, with the condition that defendant serve 45 days in county jail. Execution of

sentence was stayed on count 2, pursuant to Penal Code section 654.  As to count 1, the court imposed a sentence of five years' informal probation and ordered, as a condition of probation, that defendant complete alcohol and drug programs, after which he would be permitted to withdraw his plea as to count 3, and have that charge dismissed.

Defendant violated his probation in 2001.  After a hearing, the trial court found defendant in violation of his probation, reinstated probation on the condition that he serve 90 days in county jail, and terminated defendant's participation in the drug and alcohol programs.

In April 2014, defendant filed a motion to vacate his conviction, pursuant to Penal Code section 1016.5, on the ground the trial court did not properly advise him of the adverse immigration consequences of entering a guilty plea.  The trial court denied the motion.  Defendant timely appealed, and obtained a certificate of probable cause from the trial court.

ANALYSIS OF POTENTIAL ISSUES

Appointed counsel suggests we consider whether the trial court abused its discretion in denying defendant's motion to vacate his conviction, on the ground he did not receive a proper advisement regarding the adverse immigration consequences of his guilty plea.  Penal Code section 1016.5, subdivision (a) provides:  "Prior to acceptance of a plea of guilty . . . to any offense punishable as a crime under state law, . . . the court shall administer the following advisement on the record to the defendant:  [¶] If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."  In *People v. Ramirez* (1999) 71 Cal.App.4th 519, 521-523, the court held the statute does not require a verbal advisement to a defendant; if the written change of plea form signed by the defendant contains the necessary language, that is sufficient.

3

In this case, the guilty plea form signed by defendant included the following language, which was specifically initialed by defendant: "I understand that if I am not a citizen of the United States the conviction for the offense charged may have the consequence of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." The guilty plea form was signed by defendant, defendant's attorney, and the Spanish language interpreter. The trial court's minute order also notes that defendant was advised of the consequences of his plea if he were not a citizen. A Spanish language interpreter was provided for defendant at the hearing at which he entered his guilty plea. At that hearing, the following colloquy occurred between the court and defendant:

"The Court: Mr. Nava[], did you read with the interpreter the pieces of paper I have here?

"The defendant: Yes.

"The Court: Did you understand it?

"The defendant: Yes.

"The Court: Do you have any questions for me?

"The defendant: The only thing that I wanted to know is if I can get a temporary license to go to and from work and to and from the program."

The written guilty plea form, which was validly executed by defendant, was a sufficient advisement of the immigration consequences of his guilty plea; no further advisement was required.

Our review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Anders*, *supra*, 386 U.S. 738, including the possible issue suggested by counsel, has disclosed no reasonably arguable appellate issue. Competent counsel has represented defendant in this appeal.

DISPOSITION

The postjudgment order is affirmed.


FYBEL, J.

WE CONCUR:


O'LEARY, P. J.


IKOLA, J.