Filed 12/4/15  P. v. Singh CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G049973 |
| v. | (Super. Ct. No. 97HF1264) |
| ANDY JOHN SINGH, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Gregg L. Prickett, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Christine Levingston Bergman, Deputy Attorneys General, for Plaintiff and Respondent.

In November 1997, defendant Andy John Singh pleaded guilty to one count of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), admitting at the same time a prior strike conviction allegation (Pen. Code, § 667, subds. (d), (e)(1)) and a prior prison term allegation (Pen. Code, § 667.5, subd. (b)). The court placed defendant on supervised probation for three years, including 365 days in county jail.

In February 2014, defendant filed a handwritten "motion to strike prior conviction," which we have construed (at the urging of defendant's appellate counsel) as a Penal Code section 1016.5 (section 1016.5) motion to vacate the November 1997 judgment and allow defendant to enter a not guilty plea. Section 1016.5 requires courts to provide individuals who are pleading guilty with an advisement of potential immigration consequences,[1] and authorizes relief from guilty pleas when the advisement is not provided.[2]

No opposition was filed. It appears defendant simply mailed his motion to the court; no proof of service appears in the record. Without holding a hearing on the motion, the court ruled as an initial matter that it had no jurisdiction because defendant's

---

[1] "Prior to acceptance of a plea of guilty or nolo contendere to any offense punishable as a crime under state law, except offenses designated as infractions under state law, the court shall administer the following advisement on the record to the defendant: [¶] If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequence of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." (§ 1016.5, subd. (a).)

[2] "If . . . the court fails to advise the defendant as required by this section and the defendant shows that conviction of the offense to which defendant pleaded guilty or nolo contendere may have the consequences for the defendant of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States, the court, on defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty. Absent a record that the court provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement." (§ 1016.5, subd. (b).)

case became final in 2000 when he completed probation.  The court, in the alternative, denied the motion "[i]nsofar as the Court has jurisdiction at all to address [defendant's] post-judgment, ex parte request. . . ."  "The Court will take no further action on this correspondence."  The court ordered the clerk to provide a copy of defendant's motion and the court's order to the public defender and the district attorney.

Defendant seeks reversal and a remand for an evidentiary hearing on the question of whether he was adequately advised of the immigration consequences of his guilty plea.  The Attorney General concedes the court had jurisdiction to decide the motion, now that it is clear defendant's motion should be treated as one brought under section 1016.5.  (See *People v. Martinez* (2013) 57 Cal.4th 555, 564-565; *People v. Totari* (2002) 28 Cal.4th 876, 880, 887.)

But the Attorney General nonetheless contends we should affirm the denial of the motion.  Relief under section 1016.5, subdivision (b), is premised on:  (1) the court's failure to provide an adequate advisement of immigration consequences at the time of the guilty plea; (2) "more than a remote possibility that [the] conviction will have one or more of the specified adverse immigration consequences"; and (3) prejudice, i.e., "properly advised, [the defendant] would not have pleaded [guilty] in the first place."  (*People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 192.)  If, as here, there is a lengthy time period between the conviction and the motion, defendant must also demonstrate the exercise of reasonable diligence in bringing the motion.  (*Id*. at pp. 203-204; *People v. Martinez*, *supra*, 57 Cal.4th at p. 565, fn. 3.)

Our review of defendant's opaque moving papers does not reveal any description of the immigration consequences he is facing as a result of the 1997 conviction, or the exercise of reasonable diligence in bringing the motion.  Indeed, it does not appear that defendant even addressed whether he is a citizen.  With regard to prejudice, defendant summarily stated in a declaration that he would not have pleaded

3

guilty had he been better informed concerning a number of factors, including immigration consequences.

As to the advisement, the record establishes defendant was advised *in writing* of the potential immigration consequences of his guilty plea. A reporter's transcript from November 1997 is not included in the record. There is no way to tell whether the court (in November 1997) *orally* provided defendant with the section 1016.5, subdivision (a), advisement "on the record." But we have been provided with a copy of defendant's November 1997 guilty plea. In this guilty plea form, initials appear in the box adjacent to the following typewritten statement: "I understand that if I am not a citizen of the United States the conviction for the offense charged may have the consequence of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." This information mirrors the disclosures required by section 1016.5, subdivision (a). Defendant's signature appears on the guilty plea form, directly under a paragraph indicating he was declaring under penalty of perjury he had "read, understood, and personally initialed each item above and discussed them with my attorney, and everything on this form is true and correct." Defendant's attorney likewise signed the document, agreeing he had "explained each of the above rights to the defendant . . . ."

Defendant contends this written advisement was not enough. He takes the position that "on the record" (§ 1016.5, subd. (a)) means the statute can only be satisfied by an oral recitation of the advisement by the judicial officer accepting the guilty plea. (§ 1061.5, subd. (b) ["Absent a record that the court provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement"].)

But this argument was squarely rejected in *People v. Ramirez* (1999) 71 Cal.App.4th 519. In a change of plea form, the *Ramirez* "[a]ppellant was warned of all three possible consequences in precise statutory language." (*Id.* at p. 523.) "[T]here is

4

no language [in the statute] which states the advisements must be verbal, only that they must appear on the record and must be given by the court." (*Id.* at p. 521.) "[A] validly executed waiver form is a proper substitute for verbal admonishment by the trial court." (*Ibid.*) "So long as the advisements are given, the language of the advisements appears in the record for appellate consideration of their adequacy, and the trial court satisfies itself that the defendant understood the advisements and had an opportunity to discuss the consequences with counsel, the legislative purpose of section 1016.5 is met." (*Id.* at p. 522.) Defendant claims *Ramirez* was wrongly decided. But we agree with the analysis of section 1016.5 in *Ramirez*. (See also *People v. Quesada* (1991) 230 Cal.App.3d 525, 536 ["It is sufficient if . . . the advice is recited in a plea form and the defendant and his counsel are questioned concerning that form to ensure that defendant actually reads and understands it"].)

Of course, the court in this case did not actually find defendant had been adequately advised of the immigration consequences at issue. It is not even clear that the court understood defendant's motion was brought under section 1016.5. Although it appears defendant was given a sufficient admonishment at the time of his guilty plea, it is premature to rule on this issue definitively (particularly in the first instance on appeal) without the reporter's transcript or other evidence confirming defendant actually reviewed the admonishment contained in the plea agreement. (Cf. *People v. Dubon* (2001) 90 Cal.App.4th 944, 950, 954-956 [in absence of reporter's transcript, minute order and judge's testimony rebutted presumption that advisement was not given].)

Though the court's order is not entirely clear, the most reasonable interpretation is that the denial of defendant's motion was without prejudice to a subsequent motion being brought — a motion actually establishing a prima facie basis for relief and providing proper notice to the district attorney. The court found fault with the ex parte nature of defendant's handwritten "correspondence," and referred the

"correspondence" and ensuing court order to the public defender and district attorney. The court did not err by denying defendant's motion.

## DISPOSITION

The postjudgment order denying defendant's motion to vacate his guilty plea is affirmed.


IKOLA, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.

6