Filed 4/13/16  P. v. Zamora CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. ALEXIS ZAMORA, Defendant and Appellant. | D068378 (Super. Ct. No. SCD215127) |

APPEAL from an order of the Superior Court of San Diego County, Michael T. Smyth, Judge.  Affirmed.

Moreno & Associates, William Baker for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler and Julie L. Garland, Assistant Attorneys General, Barry Carlton and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

Alexis Zamora pleaded guilty to the sale of methamphetamine.  (Health & Saf. Code, § 11379, subd. (a).)  The court sentenced him to 180 days in custody and three years of formal probation.  He appeals from an order denying his motion to set aside the

guilty plea, claiming the trial court erred in denying his motion because he was not properly informed of the immigration consequences of his guilty plea, as required by Penal Code[1] section 1016.5. We affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

In August 2008, Zamora, assisted by his attorney, filled out and signed a guilty plea form. Zamora initialed a paragraph stating: "I understand that if I am not a U.S. citizen, this plea of Guilty/No Contest may result in my removal/deportation, exclusion from admission to the U.S. and denial of naturalization. Additionally, if this plea is to an 'Aggravated Felony' listed on the back of this form, then I will be deported, excluded from admission to the U.S., and denied naturalization."

At the plea hearing, the court asked Zamora if he "understood everything on the [plea] form," and Zamora responded in the affirmative. The court then advised Zamora orally: "If you're not a U.S. citizen, your plea may result in your removal or deportation, your exclusion from admission to the U.S., and a denial of naturalization. Do you understand that?" Zamora responded: "Yes, your Honor." When specifically asked whether he had any drugs or alcohol in the last 24 hours before the plea hearing, Zamora said "No." The court accepted the plea.

In April 2015, Zamora moved to set aside his guilty plea under section 1016.5, subdivision (b), after the Department of Homeland Security instituted deportation proceedings against him. Zamora argued when he pleaded guilty, his attorney explained

---

[1]     All further statutory references are to the Penal Code.

2

to him that doing so would not result in his deportation. Zamora's attorney for the plea bargain provided the court with an offer of proof that it was not her practice to make any promises to a defendant with respect to deportation. Additionally, Zamora argued that when he pleaded guilty he was "an addict" and "wasn't absorbing" the advisements about the consequences of his plea. Finding that Zamora's counsel and the court had advised him of the immigration consequences of his guilty plea, the court denied the motion.

## DISCUSSION

We reject Zamora's contention the trial court abused its discretion by denying his motion to set aside the guilty plea. Specifically, Zamora argues he did not "absorb" the advisement, the record lacks evidence that he comprehended the advisement, and the guilty plea form was misleading because it did not advise him he "100 [percent] would be deported from the United States for life."

A. *Legal Principles*

Section 1016.5, subdivision (a), requires the court to advise non-citizens pleading guilty to certain felonies that a conviction "may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." The court must advise a defendant on the record. (*Ibid.*) If the court fails to give the required advisement, it must, on defendant's motion, vacate the judgment and permit the defendant to enter a plea of not guilty. (§ 1016.5, subd. (b).) We review the court's denial of a motion to vacate under section 1016.5 for abuse of discretion. (*People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 192.)

3

To succeed on a motion to vacate under section 1016.5, "a defendant must establish (1) that the advisements were not given; (2) that the conviction may result in adverse immigration consequences; and (3) that the defendant would not have pled guilty or no contest had proper advisements been given." (*People v. Arriaga* (2014) 58 Cal.4th 950, 957-958.) The defendant bears the burden of establishing prejudice by showing it is "reasonably probable" he would not have pleaded guilty if properly advised. (*People v. Martinez* (2013) 57 Cal.4th 555, 562, citing *People v. Watson* (1956) 46 Cal.2d 818, 836.)

B. *Analysis*

The trial court did not abuse its discretion in denying Zamora's motion to set aside his 2008 guilty plea. Zamora failed to establish he was not properly advised of the immigration consequences set forth in section 1016.5. Rather, the record shows that Zamora was twice advised of such consequences. Zamora signed the plea form and initialed an advisement incorporating the required statutory language. (See *People v. Ramirez* (1999) 71 Cal.App.4th 519, 522-523 [concluding a written advisement of immigration consequences contained in a change of plea form and signed by the defendant satisfies section 1016.5's requirements].) In addition, the court recited the immigration consequences at Zamora's plea hearing, and Zamora confirmed his understanding of that advisement. This satisfies the section 1016.5 requirements.

Furthermore, we reject Zamora's arguments that he did not "absorb" the advisement or comprehend the "misleading" plea form. Zamora's contentions are belied by the record, which shows he told the judge at the hearing that he understood the

4

statements he signed on the plea form, and he had not taken any drugs or alcohol in the last 24 hours before the plea hearing. We conclude the court acted well within its discretion in denying Zamora's motion to set aside his guilty plea.

DISPOSITION

The order is affirmed.


O'ROURKE, J.

WE CONCUR:


McCONNELL, P. J.


McINTYRE, J.