Filed 9/19/14  P. v. Bongato CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D060283 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS197724) |
| CONRADO DE VERA BONGATO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Stephanie Sontag, Judge.  Affirmed.

Cindi B. Mishkin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette and Julie L. Garland, Assistant Attorneys General, Charles C. Ragland, Melissa Mandal and Marissa Bejarano, Deputy Attorneys General, for Plaintiff and Respondent.

Conrado De Vera Bongato appeals from an order denying his Penal Code[1] section 1016.5 motion to vacate his conviction following his guilty plea to inflicting corporal injury on a spouse (§ 273.5, subd. (a)). In part, he contends the trial court abused its discretion in denying his motion because he established he had not been properly advised of the immigration consequences of his plea. When Bongato's appeal in this case was previously before us, we dismissed it for his failure to obtain a certificate of probable cause. (*People v. Bongato* (Mar. 26, 2013, D060283) [nonpub. opn.].) Thereafter, the California Supreme Court decided that a defendant is not required to obtain a certificate of probable cause before appealing the denial of a motion to vacate a conviction based upon allegedly inadequate advisement of immigration consequences of a plea. (*People v. Arriaga* (2014) 58 Cal.4th 950, 955, 960.) On Bongato's unopposed motion, we recalled the remittitur issued June 24, 2013,[2] reinstated his appeal, and gave the parties the opportunity to submit supplemental briefing on the merits of his claims. Having

---

[1]     All statutory references are to the Penal Code unless otherwise stated.

[2]     The general rule is that recall of remittitur may not be granted to correct legal error, but only on grounds of fraud, mistake or inadvertence. (*Pacific Legal Foundation v. California Coastal Com.* (1982) 33 Cal.3d 158, 165.) " ' "[A] decision is inadvertent if it is the result of oversight, neglect or accident, as distinguished from judicial error." ' " (*In re Richardson* (2011) 196 Cal.App.4th 647, 663.) However, we recall the remittitur in this case under these unique circumstances, including the fact the attorney general expressly declined to oppose the motion, for the limited purpose of ruling on the merits of Bongato's claims under an exception to these rules based on the principle that " 'if possible, appeals should be heard and decided on the merits . . . . ' " (*Id*. at p. 668, quoting *In re Serrano* (1995) 10 Cal.4th 447, 458; see also *People v. Mutch* (1971) 4 Cal.3d 389, 396-397 [when error entitles defendant to writ of habeas corpus, the remedy of recall of the remittitur may be deemed an adjunct to implement that right; *In re McGee* (1951) 37 Cal.2d 6, 9 [appellate court may recall remittitur when decision was improvidently rendered without due consideration of the facts of the case].)

2

considered the matter, we conclude Bongato has not shown the trial court abused its discretion in denying his motion. We reject Bongato's claim of prejudicially ineffective assistance of counsel, and affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

Bongato is a citizen of the Philippines who had been living in the United States since 1985. In December 2005, Bongato pleaded guilty to inflicting corporal injury on his ex-spouse. The factual basis for the plea indicates he "head butted" her, injuring her forehead.

At the time of his plea, Bongato was represented by counsel, and both signed a *Boykin-Tahl*[3] guilty plea form. Bongato also initialed a box on the form that states: "I understand that if I am not a U.S. citizen, this plea of Guilty/No Contest may result in my removal/deportation, exclusion from admission to the U.S. and denial of naturalization. Additionally, if this plea is to an 'Aggravated Felony' listed on the back of this form, then I **will** be deported, excluded from admission to the U.S., and denied naturalization." (Emphasis in original.) Bongato's attorney averred on the form: "I, the attorney for the defendant in the above-entitled case, personally read and explained to the defendant the entire contents of this plea form and any addendum thereto. I discussed all charges and possible defenses with the defendant, and the consequences of this plea, including any immigration consequences. I personally observed the defendant fill in and initial each item, or read and initial each item to acknowledge his/her understanding and waivers. I

---

[3] *Boykin v. Alabama* (1969) 395 U.S. 238 and *People v. Tahl* (1967) 65 Cal.2d 719.

observed the defendant date and sign this form and any addendum. I concur in the defendant's plea and waiver of constitutional rights."

At the plea hearing, the trial court questioned Bongato as to whether he had signed the plea form and understood his constitutional rights, and Bongato affirmed he entered into the plea and waived those rights freely and voluntarily, not based on any promises. The court recited the terms of the plea, including the 365 days in custody, and Bongato stated he understood that was his plea bargain. It found Bongato was in full possession of his faculties, understood the nature of the proceeding, and freely and voluntarily waived his constitutional rights. The court suspended imposition of sentence and placed Bongato on three years formal probation, with 365 days in local custody.

In February 2010, Bongato unsuccessfully petitioned the court to modify his sentence from 365 to 364 days, so he would not suffer the adverse immigration consequences of a conviction for an aggravated felony. This court dismissed Bongato's appeal from the order denying modification as from a nonappealable order.[4]

In May 2011, Bongato filed a pro se motion to vacate his conviction on grounds the court failed to advise him of the immigration consequences of his plea, he failed to fully understand the consequences of his plea, and he had suffered ineffective assistance of his counsel. The court denied the motion. It first found Bongato had not acted with reasonable diligence in bringing the motion and had engaged in piecemeal litigation,

---

[4] We have granted Bongato's unopposed request for judicial notice of the appellate record in Bongato's prior appeal. (*People v. Bongato* (Mar. 15, 2010, D056929 [appeal dismissed]).)

4

warranting summary reversal.  It further found on the merits Bongato had not shown entitlement to relief under section 1016.5; that he initialed a change of plea form having advisements and also "told the court that he had read and understood the contents of [the plea form]."  The court ruled Bongato failed to demonstrate prejudice, i.e., that he would not have entered into the plea in the first place had he received different advice.  Finally the court ruled it lacked jurisdiction to consider Bongato's ineffective assistance of counsel claim.

In August 2011, Bongato filed an amended notice of appeal along with a request for a certificate of probable cause.  The trial court denied the request for a certificate of probable cause on grounds Bongato had not shown reasonable constitutional, jurisdictional, or other grounds for appeal relating to the legality of the proceedings.

DISCUSSION

I. *The Trial Court Did Not Abuse its Discretion in Denying Bongato's Motion*

Challenging each of the trial court's findings, Bongato contends the court abused its discretion by denying his motion.  He argues that in taking his plea, the court failed to question him about the printed advice as to immigration consequences and that the plea colloquy reveals he did not actually say he read and understood the plea form.  Bongato maintains he was prejudiced by the court's improper advisement.  Finally, Bongato argues his appointed counsel was prejudicially ineffective by agreeing to an erroneous characterization of the posture of his case, asking to be relieved as counsel, and allowing the matter to proceed as a habeas corpus petition.

5

A. *Legal Principles and Standard of Review*

Before accepting a plea of guilty or no contest, a trial court is required to explain to a defendant that "if the defendant is not a citizen of this country, conviction of the charged offense 'may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization . . . .' " (*People v. Arriaga*, *supra*, 58 Cal.4th at p. 962; section 1016.5, subd. (a).[5]) "The defendant is then entitled to 'additional time to consider the appropriateness of the plea in light of the advisement . . . .' [Citation.] The section contemplates a period during which the defendant, without risking the loss of the existing plea bargain, can reconsider its value in light of the immigration consequences that will result from it and attempt to negotiate a different bargain that will not have the same consequences." (*People v. Martinez* (2013) 57 Cal.4th 555, 562, citing § 1016.5, subds. (b) & (d).)

Section 1016.5 "provides a remedy for a noncitizen defendant who is not advised of these consequences: 'If . . . the court fails to advise the defendant as required by this section and the defendant shows that conviction of the offense to which [the] defendant pleaded guilty or nolo contendere may have the consequences for the defendant of deportation, exclusion from admission to the United States, or denial of naturalization . . .

---

5        Section 1016.5 provides in part: "Prior to acceptance of a plea of guilty or nolo contendere . . . , the court shall administer the following advisement on the record to the defendant: [¶] If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." (§ 1016.5. subd. (a).) Subdivision (b) of the statute provides in part: "Absent a record that the court provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement."

the court, on [the] defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty.' " (*People v. Arriaga*, *supra*, 58 Cal.4th at p. 957, quoting § 1016.5, subd. (b); *People v. Martinez*, *supra*, 57 Cal.4th at p. 562.)

To prevail on a section 1016.5 motion, a defendant must establish three elements: "(1) that the advisements were not given; (2) that the conviction may result in adverse immigration consequences; and (3) that the defendant would not have pled guilty or no contest had proper advisements been given." (*People v. Arriaga*, *supra*, 58 Cal.4th at pp. 957-958, citing *People v. Martinez*, *supra*, 57 Cal.4th at pp. 558-559.) We review an order denying a section 1016.5 motion to vacate the judgment for abuse of discretion. (*People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 191.) Under this standard, this court decides " 'whether the trial court's findings of fact are supported by substantial evidence, whether its rulings of law are correct, and whether its application of the law to the facts was neither arbitrary nor capricious.' " (*People v. Clancey* (2013) 56 Cal.4th 562, 578.) It is Bongato's burden to show the court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice. (*People v. Limon* (2009) 179 Cal.App.4th 1514, 1518.)

B. *Bongato was Properly Advised of the Immigration Consequences of His Guilty Plea*

Bongato contends that his plea colloquy shows the trial court erred when it ruled he had read and understood the contents of his plea form, because the record shows he never expressly stated he had read and understood the form's contents. He points to the following portion of the hearing:

7

"The court: Mr. Bongato, did you sign and initial the change of plea form?

"[Bongato]: Yes.

"The court: Did you also sign a white sheet that we call the *Blakely* waiver?

"[Bongato]: Yes, your honor.

"The court: Did you read and understand the questions?

"[Bongato]: Yes, your honor.

"The court: And are the answers true and correct, to the best of your knowledge?

"[Bongato]: Yes, your honor."

Bongato acknowledges that the advisement required by section 1016.5 need not be made orally and that the court may rely on the defendant's validly executed waiver form as a proper substitute for a personal admonishment. (*People v. Ramirez* (1999) 71 Cal.App.4th 519, 521-522; *People v. Gutierrez* (2003) 106 Cal.App.4th 169, 175.) Rather, he argues the law required that he and his counsel be questioned concerning the form to ensure he actually read and understood it. He cites *People v. Quesada* (1991) 230 Cal.App.3d 525 (superseded by statute on other grounds as stated in *People v. Totari* (2003) 111 Cal.App.4th 1202, 1207, fn. 5) and *Ramirez*, 71 Cal.App.4th 519.

In *People v. Ramirez*, *supra*, 71 Cal.App.4th 519, the court held a trial court had complied with section 1016.5 when the required advisements were contained in a written plea form. When the court took the plea, it did not advise the defendant orally of the plea's immigration consequences. But the defendant had signed a change of plea form that "warned of all three possible [immigration] consequences in precise statutory language." (*Ramirez*, at p. 523.) The appellate court rejected Ramirez's contention that

8

section 1016.5 requires the court to orally advise a defendant of the immigration consequences of his plea. (*Ramirez*, at pp. 521-522.) It explained "there is no language in the statute requiring [oral] advisements by the court. . . . [T]he legislative purpose of section 1016.5 is to ensure a defendant is advised of the immigration consequences of his plea and given an opportunity to consider them. So long as the advisements are given, the language of the advisements appears in the record for appellate consideration of their adequacy, and the trial court satisfies itself that the defendant understood the advisements and had an opportunity to discuss the consequences with counsel, the legislative purpose of section 1016.5 is met." (*Ramirez*, at p. 522.)

In *People v. Quesada*, *supra*, 230 Cal.App.3d 535, the court likewise pointed out that a statutory admonition as to immigration consequences need not be given orally, and stated, "It is sufficient if, as here, the advice is recited in a plea form and the defendant and his counsel are questioned concerning that form to ensure that defendant actually reads and understands it." (*Quesada*, at pp. 535-536.) *Quesada*, in turn, cited *In re Ibarra* (1983) 34 Cal.3d 277, 285-286,[6] in which the California Supreme Court

---

[6] *Ibarra* was overruled in *People v. Howard* (1992) 1 Cal.4th 1132. (See *People v. Mosby* (2004) 33 Cal.4th 353, 360-361.) In *Howard*, the court made clear that in order to determine whether a defendant's plea is intelligent and voluntary, the "pertinent inquiry . . . was whether 'the record affirmatively shows that [the admission] is voluntary and intelligent under the *totality of the circumstances*' [citation], applying 'the test used to determine the validity of guilty pleas under the federal Constitution.' " (*People v. Mosby*, at p. 360, quoting *Howard*, 1 Cal.4th at pp. 1175.) In adopting this rule, the court "rejected the rule that 'the absence of express admonitions and waivers requires reversal regardless of prejudice.' " (*People v. Mosby*, at p. 361, quoting *Howard*, 1 Cal.4th at p. 1178.) "Now, if the transcript does not reveal complete advisements and waivers, the reviewing court must examine the record of 'the entire proceeding' to assess whether the

addressed constitutionally mandated advisements required under *Boykin v. Alabama*, *supra*, 395 U.S. 238 and *In re Tahl*, *supra*, 1 Cal.3d 122. The court in *Ibarra* also stated: "The underlying purpose of the *Boykin* and *Tahl* rules is to ensure that a defendant is actually informed of his rights, and has had an opportunity to make an intelligent choice to plead guilty. A sufficient waiver form can be a great aid to a defendant in outlining those rights. The defense attorney, who is already subject to a duty to explain the constitutional rights outlined in a proper waiver form to his client prior to the client's entering a plea, may even find it desirable to refer to such a form. Thus, a defendant who has signed a waiver form upon competent advice of his attorney has little need to hear a ritual recitation of his rights by a trial judge. The judge need only determine whether defendant had read and understood the contents of the form, and had discussed them with his attorney. If the questioning of defendant and his attorney leads the judge to believe that the defendant does not fully comprehend his rights . . . the judge must conduct further canvassing of the defendant to ensure a knowing and intelligent waiver of rights." (*In re Ibarra*, at pp. 285-286.)

We do not read any of these cases as imposing on the trial court a talismanic duty to specifically ask a defendant whether he or she understands or comprehends the rights and consequences set forth on a written plea form, either individually or collectively, as long as the totality of the circumstances lead the court to reach such a conclusion. In this case the plea form listed all three immigration consequences of Bongato's plea, and it

defendant's admission of the prior conviction was intelligent and voluntary in light of the totality of circumstances." (*People v. Mosby*, at p. 361.)

10

included counsel's affirmation that he was satisfied Bongato understood his rights and was waiving them. At the change of plea hearing, the court asked whether Bongato had actually signed and initialed the form, and Bongato affirmatively told the court he had. We do not interpret the court's question, "Did you read and understand the questions" as ignoring the plea form, or as directed only to the *Blakely* waiver, as Bongato maintains. But even if the court's inquiry was limited in that way, the record nevertheless shows that Bongato did not require an interpreter, and he stated in English he was waiving his rights freely and voluntarily and that he had discussed his case with his defense counsel. The court confirmed with Bongato's counsel that he concurred in the change of plea. It then made its finding that "you [Bongato] are in full possession of your faculties, that you understand the nature of the proceedings and the consequence of your plea. You freely and voluntarily waived your constitutional rights, and there is a factual basis for the plea . . . ." Under these circumstances, the trial court had no obligation to go further and question Bongato concerning the level and extent of his understanding of the written form or the immigration consequences of his plea set out therein, before the plea could be considered intelligent and voluntary in the constitutional sense. As long as there is substantial compliance with the advisement requirements of section 1016.5, the court has complied with its obligation. (See *People v. Gutierrez*, *supra*, 106 Cal.App.4th at p. 173 ["[S]ubstantial, not literal, compliance with section 1016.5 is sufficient."].)

Because "a validly executed waiver form is a proper substitute for verbal admonishment by the trial court" (*People v. Ramirez*, *supra*, 71 Cal.App.4th at p. 521; see also *Gutierrez*, 106 Cal.App.4th at p. 175), we conclude the trial court was not

11

required to provide any further oral advisement or engage in further questioning of Bongato. The record thus establishes that Bongato received adequate advisement on the immigration consequences of his plea, and he cannot demonstrate the trial court abused its discretion in denying his motion.

## II. *Claim of Ineffective Assistance of Counsel*

Bongato contends he suffered prejudicially ineffective assistance of counsel when his appointed defense counsel agreed that the court could process Bongato's pro se motion to vacate his conviction as a habeas petition. He maintains his counsel did not act zealously and failed to assert viable arguments on his motion. As to prejudice, Bongato argues "had counsel acted as a zealous advocate and detailed to the court the pertinent facts and arguments: that the trial court had not advised appellant of the three warnings as required by section 1016.5, that it had not questioned appellant about the warnings on the plea form when it took the plea, that appellant had everything to loose [*sic*] if he entered the plea and thus was subject to mandatory deportation away from his family, and that appellant pursued the relief as soon as he learned of the negative immigration consequences of the plea, and that appellant would not have entered the plea had he known about this significant consequence, the court would have exercised its discretion and granted the motion."

" 'To prevail on a claim of ineffective assistance of counsel, defendant "must establish not only deficient performance, i.e., representation below an objective standard of reasonableness, but also resultant prejudice." ' " (*People v. Leonard* (2014) 228 Cal.App.4th 465, 484, quoting *People v. Hart* (1999) 20 Cal.4th 546, 623-624.) The

12

record must demonstrate " ' "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." ' " (*People v. Hart*, at p. 624.) Bongato has the burden to make an affirmative showing of prejudice that is a " ' "demonstrable reality," not simply speculation.' " (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1241.) "[W]hen considering a claim of ineffective assistance of counsel, 'a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.' " (*People v. Fairbank*, at p. 1241, quoting *Strickland v. Washington* (1984) 466 U.S. 668, 697.)

Bongato cannot show prejudice stemming from his defense counsel's actions or inactions. Even assuming Bongato is correct that his counsel incorrectly thought him eligible for habeas relief (see *People v. Villa* (2009) 45 Cal.4th 1063 [a person in federal immigration detention is ineligible for a writ of habeas corpus from a state court if his state sentence and probation or parole have been completed]; *People v. Hyung Joon Kim* (2009) 45 Cal.4th 1078, 1084; see also *People v. Aguilar* (2014) 227 Cal.App.4th 60, 64, 68), the trial court did not deny relief on that basis, but instead considered and ruled on the merits of Bongato's motion. And, we have concluded on this record that Bongato received adequate advisement of the immigration consequences of his plea. As a

13

consequence, Bongato cannot establish prejudice stemming from his defense counsel's representation.

## DISPOSITION

The order is affirmed.


                                                                    O'ROURKE, J.

WE CONCUR:


McCONNELL, P. J.


AARON, J.