Filed 8/18/15  P. v. Lazarus CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D067094 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD225029) |
| ARCHISON T. LAZARUS, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of San Diego County, Kathleen M. Lewis, Judge.  Affirmed.

Donna L. Harris, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

### INTRODUCTION

Archison T. Lazarus appeals from a postjudgment order denying his nonstatutory motion to withdraw his guilty plea and his petition to seal and destroy arrest records related to the plea.  Appointed appellate counsel filed a brief requesting we independently

review the record for error.  (See *People v. Wende* (1979) 25 Cal.3d 436, 441-442

(*Wende*).)  Lazarus filed his own supplemental brief asserting numerous trial court errors.

After reviewing the record and considering both appellate counsel's and Lazarus's briefs,

we have not identified any reasonably arguable appellate issues and affirm the order.

BACKGROUND

According to the evidence presented at the preliminary hearing, an undercover

San Diego police officer approached Lazarus and asked Lazarus in street slang if Lazarus

knew where the officer could purchase marijuana.  Lazarus asked how much the officer

wanted to purchase, and the officer indicated in street slang he wanted to purchase $20

worth.  After stating he could get the marijuana for the officer, Lazarus walked over to a

nearby, makeshift tent and spoke with someone inside.  Lazarus walked back to the

officer and told the officer it would be a few minutes.  The officer walked about 25 yards

away to wait.  Two minutes later, Lazarus and a woman approached the officer.  Lazarus

carried a balled up napkin in his hands.  The officer gave Lazarus $20 and Lazarus gave

the officer the balled up napkin, which contained approximately 11 grams of marijuana.

The San Diego County District Attorney's Office charged Lazarus with selling

marijuana (Health & Saf. Code, § 11360, subd. (a)).  He later pleaded guilty to the lesser-

included offense of possessing marijuana for sale (Health & Saf. Code, § 11359).

Before pleading guilty, Lazarus initialed and signed a form acknowledging, "I

understand that if I am not a U.S. citizen, this plea of [guilty] may result in my

removal/deportation, exclusion from admission to the U.S. and denial of naturalization.

Additionally, if this plea is to an 'Aggravated Felony' listed on the back of this form, then

2

I **will** be deported, excluded from admission to the U.S., and denied naturalization."

Among the aggravated felonies listed on the back of the form was "Possession for Sale of

Any Controlled Substance."[1]

In addition, during the plea colloquy, the court asked Lazarus if he had taken any

medication in the preceding 48 hours.  Lazarus listed three medications.  The court asked

him whether any of the medications affected his ability to understand what he was doing,

and he replied, "No[,] your honor."  The court also asked defense counsel whether there

was anything indicating Lazarus was unable to understand the proceedings, and defense

counsel replied, "No, your honor."

At the sentencing hearing, the court suspended imposition of sentence and granted

Lazarus three years of probation.  After he completed his probation, he moved for and

obtained an order under section 1203.4, subdivision (a)(1), setting aside his guilty plea,

entering a not guilty plea, and dismissing the complaint.

Approximately 10 months later, ostensibly to avoid deportation, Lazarus

attempted to collaterally attack his conviction by filing a nonstatutory motion to vacate

the judgment.  As grounds for the motion, Lazarus argued: (1) his trial counsel failed to

advise him of the immigration consequences of his guilty plea; (2) his trial counsel

coerced him into pleading guilty; (3) the court did not ensure he understood the nature of

the charges against him; (4) his guilty plea was not knowing and intelligent; (5) he never

---

1    This advisement satisfies the requirements of Penal Code section 1016.5.  (See
*People v. Ramirez* (1999) 71 Cal.App.4th 519, 523.)  All further statutory references are
also to the Penal Code unless otherwise stated.

admitted he had the requisite intent for the crime to which he pleaded guilty; (6) his trial counsel failed to investigate potential mental health and entrapment defenses; (7) the court failed to have his mental competency evaluated; and (8) the prosecution withheld exculpatory evidence of entrapment and lack of mental competency. The court denied the motion as moot based on its prior order setting aside the guilty plea and dismissing the complaint under section 1203.4, subdivision (a)(1).[2]

Lazarus also filed a petition under section 851.8 to seal and destroy the arrest records related to his guilty plea. The court denied the petition, finding: "[S]ection 851.8 sets forth the guidelines for individuals to have records of an arrest completely sealed and destroyed. The specified classes of individuals that may petition the court for a finding of factual innocence and the sealing and subsequent destruction of arrest records include: (1) persons who have been arrested but against whom no accusatory pleading has been filed [citation] and (2) persons who have been arrested and against whom an accusatory pleading has been filed but no conviction has occurred [citation]. Here, since an accusatory pleading was filed and a conviction occurred, [Lazarus] is not entitled to relief under [section] 851.8."

DISCUSSION

Appointed appellate counsel filed a brief summarizing the facts and proceedings below. Counsel presented no argument for reversal, but asked this court to review the

_____

2    Before filing his motion to vacate, Lazarus filed a motion to reduce his conviction from a felony to a misdemeanor (§ 17). The court denied the motion. Lazarus has not appealed this order.

4

record for error as mandated by *Wende*, *supra*, 25 Cal.3d at pp. 441-442. In accordance with *Anders v. California* (1967) 386 U.S. 738, 744, counsel identified two possible issues (*Anders* issues): (1) whether the court abused its discretion by denying Lazarus's nonstatutory motion to vacate the judgment due to trial counsel's failure to adequately advise him of the consequences of his guilty plea; and (2) whether the court abused its discretion by denying Lazarus's petition for an order to seal and destroy his arrest records.

Lazarus filed a supplemental brief on his own behalf, asserting: (1) he did not plead guilty to the crime charged in the complaint and there was an insufficient factual basis for the crime to which he did plead guilty; (2) he was entrapped; (3) his trial counsel provided him with erroneous advice about the immigration consequences of his plea and his prospects if he went to trial; (4) his guilty plea was not knowing and intelligent; (5) he was legally insane when he committed the charged crime and mentally incompetent when he pleaded guilty; (6) his trial counsel failed to investigate and the prosecution withheld evidence of his lack of mental competency; (7) his trial counsel failed to interview and call key witnesses to support his defense; and (8) his trial counsel should have negotiated a plea agreement that did not have immigration consequences.[3]

---

[3] Several of these assertions are forfeited on appeal because they were not raised below, including the absence of a factual basis for his plea, legal insanity at the time of the offense, and trial counsel's failure to negotiate a plea without immigration consequences. (*People v. Chism* (2014) 58 Cal.4th 1266, 1300.)

I

*Nonstatutory Motion to Vacate the Judgment*

A

Lazarus's nonstatutory motion to vacate the judgment, which is the legal equivalent of a petition for writ of error *coram nobis*, is procedurally barred because Lazarus failed to raise the claimed errors through other available means, including on direct appeal from the judgment of conviction and by a petition for writ of habeas corpus.[4] (*People v. Kim* (2009) 45 Cal.4th 1078, 1096, 1099-1100 (*Kim*)). The motion is also procedurally barred because it is not supported by a declaration stating facts showing he exercised due diligence in bringing it. (*Id.* at pp. 1096-1099.)

B

Even if Lazarus's nonstatutory motion to vacate the judgment was not procedurally barred, it fails to state a case for relief because it does not allege any new facts that were unknown or unknowable at the time of his guilty plea, which, if presented, would have prevented the rendition of judgment. (*Kim*, *supra*, 45 Cal.4th at pp. 1101-1103.) New facts which speak merely to the legal effect of his guilty plea are not grounds for relief. (*Id.* at p. 1102.) Likewise, new facts which might have affected his willingness to enter the guilty plea, or might have encouraged or convinced him to make a different strategic choice or seek a different disposition are not grounds for relief. (*Id.* at p. 1103.) Finally,

---

4      Lazarus can no longer collaterally attack his conviction via a petition for writ of habeas corpus because, among other reasons, he has served his sentence and completed his probation and, therefore, is not in actual or constructive custody. (*People v. Villa* (2009) 45 Cal.4th 1063, 1066.)

new facts evidencing a mistake of law, including facts supporting a claim of ineffective assistance of counsel, are not ground for relief. (*Id.* at p. 1104.)

## II

### *Petition for Order Sealing and Destroying Arrest Records*

Lazarus's supplemental brief did not specifically assert any issues related to the court's denial of his petition for an order sealing and destroying his arrest records. Nonetheless, we agree with the court that Lazarus was not eligible for the requested relief. "Section 851.8 allows specified classes of individuals to petition the court for a finding of factual innocence and the sealing and subsequent destruction of arrest records. Those classes are: (1) persons who have been arrested but no accusatory pleading has yet been filed [(subd. (a))]; (2) persons who have been arrested and an accusatory pleading has been filed but no conviction has occurred [(subds. (c) & (d))]; and (3) persons who are 'acquitted of a charge and it appears to the judge presiding at trial . . . that the defendant was factually innocent' [(subd. (e))]." (*Tennison v. California Victim Compensation and Government Claims Bd.* (2007) 152 Cal.App.4th 1164, 1171, fn. 4.) The record does not indicate and Lazarus does not assert he falls within any of these classifications.

## III

### *Independent Review*

In addition to considering the *Anders* issues identified by appellate counsel and the issues raised by Lazarus in his supplemental brief, we independently reviewed the record

for error as appellate counsel requested.  Our review did not reveal any reasonably arguable appellate issues.  Lazarus was competently represented in this appeal.

DISPOSITION

The order is affirmed.

McCONNELL, P. J.

WE CONCUR:

McDONALD, J.

O'ROURKE, J.