Filed 7/1/16  P. v. Valadez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MANUEL ALCALA VALADEZ,<br><br>    Defendant and Appellant. | G052774<br><br>(Super. Ct. No. 97CF0042)<br><br>O P I N I O N |

Appeal from an order made after judgment of the Superior Court of Orange County, Sheila F. Hanson, Judge.  Affirmed.

Caroline R. Hahn, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*        \*        \*

In July 1997, defendant Manual Alcala Valadez pleaded guilty to simple possession and possession for sale of heroin and cocaine, and admitted various sentence enhancements. (Health & Saf. Code, §§ 11350, subd, (a), 11351, 11370, subds. (a) & (c); Pen. Code, § 12022.1.) The court sentenced him to two years in prison.

In September 2015, defendant filed a motion to vacate his guilty plea on the grounds that (1) he received ineffective assistance of counsel in connection with the plea; (2) the court did not properly advise him of the potential immigration consequences of the plea; (3) the court failed to provide a Spanish language interpreter, and (4) a writ of *coram nobis* provided an avenue for granting the requested relief.

Defendant submitted a declaration in support of the motion which stated: "Neither my Public Defender nor the court advised me that entering such a plea would have immigration consequences for me. I never would have pled guilty to the drug charge and agreed to this disposition if I had known that it would affect my immigration status. My primary language at the time was Spanish. I did not speak, read, write, or understand English fluently at the time. I did not have an interpreter present at the time to translate the information into Spanish. [¶] . . . Had the court advised me of the immigration consequences, at least I would have consulted with an immigration attorney and had the opportunity of obtaining a safe disposition to my conviction, thereby still pleading to charges that would not have had any immigration consequences. The court also failed to notify me that I could be deported or be subject to removal proceedings upon entering a guilty plea."

The court denied the motion and found: (1) it lacked jurisdiction to entertain the ineffective assistance claim and, besides, there was no deficient performance or resulting prejudice; (2) defendant was properly advised by the court and, in any event, he made no showing of prejudice; (3) the record did not support the claim defendant did not understand English or the proceedings; and (4) defendant was not eligible for relief by writ of *coram nobis*. Defendant timely appealed.

2

We appointed counsel to represent defendant. She filed a brief which set forth the facts and the procedural history of the case. She did not argue against defendant, and advised she had not found any issues to argue on his behalf. (*People v. Wende* (1979) 25 Cal.3d 436; *Anders v. California* (1967) 386 U.S. 738.) However, to assist us in our independent review, she suggested we consider whether the court abused its discretion under Penal Code section 1016.5 by denying the motion.

We notified defendant he could file a supplemental brief on his own behalf. He filed a one page response which contained no legal argument and simply requested "my appeal go forward, by my Counsul [*sic*], and continue and proceed without delay," and that "my conviction be reexamined and my plea of guilty be withdrawn."

## DISCUSSION

We reviewed the record according to our obligations under *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 485 U.S. 738, considered the issues suggested by counsel, and found no arguable issues on appeal.

Before accepting a guilty plea, the court must advise the defendant of three specific, potential immigration consequences: deportation, exclusion, and denial of naturalization. (Pen. Code, § 1016.5, subd. (a).) The advisements must appear on the record, but they need not be given orally by the judge in open court. Instead, a validly executed written waiver is a proper substitute for a verbal admonishment. (*In re Ibarra* (1983) 34 Cal.3d 277, 285-286, overruled on other grounds in *People v. Mosby* (2004) 33 Cal.4th 353, 360-361; *People v. Ramirez* (1999) 71 Cal.App.4th 519, 521-522.)

To prevail on a motion to withdraw a plea under Penal Code section 1016.5, a defendant must establish: (1) the court failed to advise him as required; (2) there is more than a remote possibility that his conviction would have one or more of the specified adverse immigration consequences; and (3) had he been properly advised, he would not have pled guilty. (*People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 192, 199-200.) We review the court's denial for abuse of discretion. (*Id*. at p. 192.)

Paragraph 8 of the guilty plea form in this case contained the three required immigration advisements, separately initialed by defendant in the box provided. Further paragraph 22, directly above defendant's signature, recites, "I declare under penalty of perjury that I have read, understood, and personally initialed each item above and discussed them with my attorney, and everything on this form is true and correct." And, as the court found, "There is no support, however, for the allegation that Defendant did not understand English and did not understand the proceedings."

All told, the record before us shows defendant read and understood the guilty plea form, including the immigration advisements, and he discussed them with his attorney before he pleaded guilty. Because it appears defendant was properly advised of the immigration consequences, the court did not abuse its discretion by denying the motion to vacate his guilty plea. We need not reach the alternative grounds for denial.

**DISPOSITION**

The order is affirmed.

THOMPSON, J.

WE CONCUR:

ARONSON, ACTING P. J.

FYBEL, J.

4