Filed 9/8/16  P. v. Suarez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063972 |
| v. | (Super.Ct.No. RIF093932) |
| EVERARDO GOVEA SUAREZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Richard Todd Fields, Judge.  Affirmed.

Jennifer M. Sheetz for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Jennifer B. Truong, Deputy Attorneys General, for Plaintiff and Respondent.

In 2001, defendant and appellant Everardo Govea Suarez pleaded guilty to felony possession of a controlled substance, to wit, methamphetamine, for sale (Health & Saf. Code, § 11378). Fourteen years later, he moved to vacate the conviction and set aside his guilty plea pursuant to Penal Code section 1016.5.[1] The trial court denied the motion. Defendant appeals from the denial of the motion, arguing he was not adequately advised about the conviction's immigration consequences and the plea agreement was not properly executed. We conclude the trial court complied with the requirements of section 1016.5 in accepting defendant's 2001 guilty plea and affirm the order denying the motion.

I

FACTUAL AND PROCEDURAL BACKGROUND

When defendant entered the guilty plea, he and his attorney completed and signed a preprinted felony plea form. The form, among others, included advisement of his rights and consequences of his plea. Under penalty of perjury, defendant initialed the following statement: "If I am not a citizen of the United States, I understand that this conviction may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." Defendant also signed the plea form below a statement declaring and confirming he understood and waived each of the rights described in the plea form. In addition, defendant's counsel signed the plea form below a statement confirming defendant had an adequate

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

2

opportunity to discuss the case with him and that defendant understood the consequences of his guilty plea. Furthermore, during the plea hearing, defendant and his counsel confirmed that he was advised of, and understood, all the consequences of his guilty plea. After directly examining defendant, the trial court found defendant knowingly, intelligently, freely, and voluntarily waived his rights and that defendant understood the charges and the consequences of the plea.

In March 2015, defendant contacted an immigration attorney to become a naturalized citizen. In reviewing defendant's file, the attorney advised defendant there were no grounds to challenge his removal from the United States due to his conviction. Under federal law a conviction for possession of a controlled substance with intent to sell constitutes an aggravated felony, rendering a noncitizen subject to deportation (8 U.S.C. § 1227(a)(2)(A)(iii)).

Defendant subsequently contacted a criminal defense attorney, and on April 17, 2015, defendant filed a motion to vacate his conviction and set aside the guilty plea. He declared that he did not remember signing anything at the time regarding his rights; that he did not recall receiving any court admonishment regarding his immigration consequences; that his attorney did not discuss any other potential non-deportable pleas with him; and that had he been warned of the actual immigration consequences he would not have pleaded guilty to the offense but would have asked his attorney to do whatever necessary to avoid immigration consequences.

A hearing on defendant's motion was held on June 22, 2015. At that time, defendant's retained counsel argued that the trial court's findings and orders were not part of the plea form, noting "[i]t's actually included in almost every plea form that exists throughout the State of California . . . because in most counties, many of the pleas are done by waiver and not orally." The trial court responded, "we have the exact same thing. It's in the minutes. We just all say what we say here in open court. 'After directly examining the defendant.' In some ways I think it's better to have the judge actually say, directly on the record. That's why you find it in the minutes. Where it says, The Court finds." (*Sic*.) Defense counsel then questioned how a minute order is not hearsay, stating "The minute order is just a reflection of . . . what a clerk is putting . . . in after it was done." The court disagreed, explaining that under Evidence Code section 664, a minute order is "presumed an official duty regularly performed." The court further stated, "That's where the minutes reflect the judge has made a finding that the plea was knowingly and intelligently, freely and voluntarily given. There's an official presumption under Evidence Code Section 664 that our official duties are regularly performed." Defense counsel thereafter objected to the minute order to determine the findings made at the plea hearing as potentially inaccurate, stating that a clerical error may have occurred "in terms of transferring information from one person to the next, and multiple layers of hearsay." The court responded that it was "quite satisfied that the minutes reflect what happened here in open court." The court further noted that it had not "heard anything to overcome" the presumption that an official duty had been

4

regularly performed. In conclusion, the court denied defendant's motion, finding that in reviewing the entire record, defendant was advised of the consequences of his guilty plea; that defendant had an opportunity to discuss those consequences with his counsel; and that defendant understood the advisements and the consequences of his plea.

II

DISCUSSION

Defendant argues the trial court abused its discretion in denying his motion to vacate his conviction and set aside his guilty plea. Specifically, he insists his conviction was obtained by a plea agreement that was not " 'properly executed' " because the plea waiver form did not contain a "judicial 'findings and order' by the court as required under the law." He, therefore, maintains that because the plea waiver form was not properly executed, it was inadmissible as evidence that the court advised him of the immigration consequences at the time of the plea.

A trial court's denial of a motion to vacate under section 1016.5 is reviewed for abuse of discretion. (*People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 192 (*Zamudio*).) The court deciding whether the defendant has made a sufficient showing under section 1016.5 "is the trier of fact and . . . the judge of the credibility of the witnesses or affiants. Consequently, it must resolve conflicting factual questions and draw the resulting inferences. [Citation.]" (*People v. Quesada* (1991) 230 Cal.App.3d 525, 533 (*Quesada*), superseded by statute on other grounds as stated in *People v. Totari* (2003) 111 Cal.App.4th 1202, 1206-1207, fn. 5.)

5

"Before accepting a plea of guilty or no contest, a trial court is statutorily required to advise a defendant that if the defendant is not a citizen of this country, the plea could result in deportation, exclusion from the United States, or denial of naturalization. (Pen. Code, § 1016.5, subd. (a).)" (*People v. Arriaga* (2014) 58 Cal.4th 950, 955 (*Arriaga*).) It is not necessary, however, that the trial court advise the defendant orally; a written advisement, if understood by the defendant, is sufficient. (*People v. Ramirez* (1999) 71 Cal.App.4th 519, 523 (*Ramirez*); *Quesada*, *supra*, 230 Cal.App.3d at p. 536.) Nor is it necessary for the trial court, personally, to give the advisement. It may be given by counsel, the court reporter, or the clerk. As long as "some person acting on behalf of the tribunal" actually advises the defendant of the immigration consequences, the adviser's identity is immaterial. (*Quesada*, *supra*, at pp. 535-536.)

If the court fails to give the admonition required by subdivision (a), upon defendant's motion, it must vacate the judgment and allow the defendant to withdraw his or her plea and enter a plea of not guilty if the defendant can show that the conviction or offense to which he or she pleaded guilty or nolo contendere might result in his or her deportation, exclusion from admission to the United States, or in denial of naturalization. (§ 1016.5, subd. (b).) To succeed on a motion to vacate under section 1016.5, "a defendant must establish (1) that the advisements were not given; (2) that the conviction may result in adverse immigration consequences; and (3) that the defendant would not have pled guilty or no contest had proper advisements been given." (*Arriaga*, *supra*, 58

Cal.4th at pp. 957-958; accord, *People v. Totari* (2002) 28 Cal.4th 876, 884; *Zamudio*, *supra*, 23 Cal.4th at p. 192.) We are concerned, in this case, with the first element.

The governing statute provides that the advisement shall be administered "on the record." (§ 1016.5, subd. (a).) "Absent a record that the court provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement." (§ 1016.5, subd. (b).) This constitutes a rebuttable presumption affecting the burden of proof. It places upon the prosecution the burden of proving by a preponderance of the evidence the nonexistence of the presumed fact. Thus, the prosecution must prove that the required advisements were given. (*People v. Dubon* (2001) 90 Cal.App.4th 944, 953-954 (*Dubon*).)

A court's minute order indicating that the section 1016.5 advisement was given can constitute a " 'record' " that the advisement was given sufficient to preclude the presumption from arising. (*Dubon*, *supra*, 90 Cal.App.4th at p. 954.) However, as a section 1016.5 advisement must address deportation, exclusion, and denial of naturalization, a minute order which does not indicate that *all* three issues were addressed is insufficient. (*Id*. at p. 955.) Nonetheless, once the rebuttable presumption has arisen, such a minute order constitutes "significant evidence" rebutting the statutory presumption. (*Ibid*.) The minute order, considered in combination with other evidence, may be sufficient to give rise to an inference that the defendant was actually advised of the immigration consequences of the plea, and overcome the rebuttable presumption of nonadvisement. (*Id*. at pp. 955-956.)

7

In the instant case, the February 27, 2001 minute order of the plea hearing indicates that defendant was advised as to the charges and "consequences" of his plea. The minute order also indicates that defendant was advised of his constitutional rights, and with the advice of counsel. It further indicates that the court found that defendant's waivers of rights were made freely, knowingly, voluntarily, and understandingly and that defendant understood the nature of the charges and the consequences of his plea. However, the minute order alone does not constitute a record that defendant was properly advised under section 1016.5, and the presumption of nonadvisement arises. In other words, standing alone, the minute order is insufficient to overcome the rebuttable presumption. As in *Dubon*, *supra*, 90 Cal.App.4th at p. 955, it must be combined with additional evidence.

The minute order notes that the "Advisement of Rights form [plea waiver form] signed by defendant is incorporated herein . . . ." On the plea form, defendant initialed, under penalty of perjury, the paragraph that stated: "If I am not a citizen of the United States, I understand that this conviction may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." Defendant also signed the plea form below a statement declaring and confirming he understood and waived each of the rights described in the plea form. In addition, defendant's counsel signed the plea form below a statement confirming defendant had an adequate opportunity to discuss the case with him and that

8

defendant understood the consequences of his guilty plea. The plea form was initialed, signed, and filed with the superior court on February 27, 2001.

Besides the minute order and the plea form, the record also includes the reporter's transcript of the February 27, 2001 plea hearing. This reporter's transcript demonstrates that defendant confirmed he was advised of, and understood, all of the consequences of his guilty plea. In relevant part, defendant answered in the affirmative whether he initialed and signed the plea form; whether he "carefully and thoroughly" reviewed the plea form with his attorney; whether he "carefully" reviewed the section that stated " 'Consequences of your Plea' "; and whether he was aware of all of the consequences of his plea. In fact, the court twice inquired of defendant whether he adequately reviewed the consequences of his plea. In addition, defense counsel joined in the waiver of defendant's rights and change of plea and defendant answered in the negative as to whether he had any questions about anything on the plea form. After directly examining defendant, the court found defendant knowingly, intelligently, freely, and voluntarily waived his rights and that defendant understood the charges and the consequences of the plea.

The minute order of the plea hearing, the validly executed plea form, and the reporter's transcript of the plea hearing together are sufficient to meet the People's burden that defendant was adequately advised of, and understood, the immigration consequences of his plea.

Although not disputing the adequacy of the language of the plea form or the initials and signatures contained within the plea form, defendant argues his plea form was inadmissible and insufficient to show the advisement of rights and the consequences of his plea, because it does not include, as part of the plea form, an order and findings from the court showing it determined defendant understood the consequences of his plea and knowingly and voluntarily waived those rights.  We find defendant's arguments unpersuasive.  Initially, we note the findings and order by the court were made orally at the time of the plea hearing.  Second, these findings and order were properly recorded in the court's minute order of the plea hearing.  Defendant does not challenge the adequacy or authenticity of his signed, initialed and dated plea form or the court's minute order of the plea hearing or the reporter's transcript of the plea hearing.  Moreover, defendant does not cite to, nor are we aware, that defendant's executed plea form was inadmissible as a "properly executed" plea form, because it did not contain the findings and order of the court.  When there is evidence, as in this case, that a defendant executed a written advisement of rights form, a copy of that form itself constitutes evidence of the form the defendant executed, and is therefore admissible.  (*Ramirez*, *supra*, 71 Cal.App.4th at pp. 521-523.)

In *Dubon*, *supra*, 90 Cal.App.4th at p. 949, the inadequate minute order was supplemented by a declaration of the retired judge who had taken the plea that, although he had no independent recollection of the case, his custom and practice was to take pleas himself, and that he specifically gave the section 1016.5 advisement in every case.  In

*Quesada*, *supra*, 230 Cal.App.3d at p. 536, the court stated that advisements in a written form are sufficient if "the defendant and his counsel are questioned concerning that form to ensure that defendant actually reads and understands it."

In *Ramirez*, *supra*, 71 Cal.App.4th 519, the court concluded section 1016.5 does not require a trial court to orally advise a defendant of the possible immigration consequences of a guilty plea; the written change of plea form signed by the defendant satisfied the section 1016.5 requirements. (*Ramirez*, at pp. 521-523.) Citing *In re Ibarra* (1983) 34 Cal.3d 277 (*Ibarra*), the *Ramirez* court noted that the "Supreme Court has held a validly executed waiver form is a proper substitute for verbal admonishment by the trial court." (*Ramirez*, *supra*, 71 Cal.App.4th at p. 521.) Although the court in *Ibarra* expressly addressed the constitutionally mandated advisements required under *Boykin v. Alabama* (1969) 395 U.S. 238 (*Boykin*) and *In re Tahl* (1969) 1 Cal.3d 122 (*Tahl*), *Ramirez* concluded its reasoning was equally applicable to legislatively mandated advisements. (*Ramirez*, at pp. 521-522.) *Ramirez* also stated, "So long as the advisements are given, the language of the advisements appears in the record for appellate consideration of their adequacy, and the trial court satisfies itself that the defendant understood the advisements and had an opportunity to discuss the consequences with counsel, the legislative purpose of section 1016.5 is met. [Citation.]" (*Ramirez* at p. 522.) Because the record contained a copy of the change of plea form signed by the defendant, which warned of all three possible immigration consequences, and showed that the trial court asked the defendant whether he reviewed the form with

his attorney and understood it, the *Ramirez* court affirmed the trial court's denial of the defendant's section 1016.5 motion.  (*Ramirez*, *supra*, 71 Cal.App.4th at p. 523.)

According to *Ramirez*, neither the language nor the purpose of section 1016.5 requires a trial court to orally advise a defendant of the possible immigration consequences before accepting a guilty plea.  Rather, a written change of plea form describing those possible immigration consequences may, if duly signed and understood by the defendant after having an opportunity to review it and ask questions of his counsel, satisfy the section 1016.5 requirements.  As with the *Boykin-Tahl* rule discussed in *Ibarra*, the underlying purpose of section 1016.5 is to ensure the defendant has actual knowledge of the possible immigration consequences of a guilty plea and has had an opportunity to make an intelligent choice to plead guilty.  (*Ibarra*, *supra*, 34 Cal.3d at p. 285; *Ramirez*, *supra*, 71 Cal.App.4th at p. 522; *Quesada*, *supra*, 230 Cal.App.3d at pp. 535-536; *People v. Gutierrez* (2003) 106 Cal.App.4th 169, 175.)

Relying on *People v. Akhile* (2008) 167 Cal.App.4th 558 (*Akhile*), defendant further asserts that "because the plea form did not include the court's finding and order, it is not clear when the plea form was reviewed by defendant."  Defendant's reliance on *Akhile* is misplaced.  In *Akhile*, the [defendant] was advised of potential immigration consequences at his arraignment in December 1991.  (*Akhile*, at p. 561.)  He pleaded guilty in February 1992.  The record did not reflect that section 1016.5 advisements were given at the time of his plea.  (*Akhile*, at p. 561.)  The *Akhile* court held that section 1016.5 requires that the advisements "must occur within the context of the taking

12

of the plea," so the advisements two months earlier did not comply with section 1016.5. (*Akhile*, at p. 564.) The *Akhile* court noted that "a defendant may plead guilty to a different charge or charges than those involved at the arraignment, and some defendants may be confused as to whether the advisement continues to apply." (*Akhile*, at p. 564.)

Unlike *Akhile*, this case does not involve premature advisements. Defendant received the section 1016.5 advisements by way of the waiver plea form on the very day that he entered his plea, and he acknowledged orally before the court when he entered his plea that he understood the advisements in the waiver plea form. Thus, the advisements were given "within the context of the taking of the plea" (*Akhile*, *supra*, 167 Cal.App.4th at p. 564) and did not raise any of the concerns expressed in *Akhile*. Defendant expressly entered a plea to the possession of a controlled substance for sale count in open court at the same time that he acknowledged his understanding of the waiver form so he could not have been confused about the identity of the offense to which the advisements in the waiver form applied.

The evidence here established defendant was properly advised of his immigration consequences in compliance with section 1016.5, and the trial court's ruling was not an abuse of discretion.

### III

### DISPOSITION

The trial court's order denying defendant's motion to vacate his 2001 conviction and to withdraw his plea is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ_____

P. J.

We concur:

McKINSTER_____

J.

SLOUGH_____

J.