Filed 2/14/25  P. v. Henry CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>            v.<br><br>JERRY JERVON HENRY,<br><br>      Defendant and Appellant. | F088246<br><br>(Super. Ct. No. F19901581)<br><br><br>**OPINION** |

<u>**THE COURT**</u>\*

APPEAL from a judgment of the Superior Court of Fresno County.  Noelle Pebet, Commissioner.

Allan E. Junker, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Hill, P. J., Peña, J. and Snauffer, J.

## INTRODUCTION

Appellant and defendant Jerry Jervon Henry (appellant) pleaded no contest to two felony charges in a domestic violence case in exchange for the dismissal of two felony charges, a prior strike conviction, two misdemeanor cases filed after he violated the protective order, and no initial prison sentence.  Prior to sentencing, appellant moved to withdraw his plea because he was not advised that if he was placed on probation, he could be ordered to serve up to one year in jail.  The trial court denied his motion to withdraw and found his allegations were refuted by the record of the plea hearing and the provisions of the written plea agreement that he initialed and signed.  Appellant was placed on probation on condition of serving 270 days in jail.

On appeal, appellate counsel filed a brief that summarized the facts with citations to the record, raised no issues, and asked this court to independently review the record.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Appellant filed a letter with this court, requesting a new attorney to challenge the denial of his motion to withdraw because of the *Wende* brief; we denied his request.  After review of the record, we affirm the judgment.

## PROCEDURAL BACKGROUND

On March 7, 2019, a complaint was filed in the Superior Court of Fresno County charging appellant with committing the following offenses on or about February 24, 2019:  counts 1 and 2, corporal injury to a spouse or cohabitant, Jane Doe (the victim), resulting in a traumatic condition (Pen. Code,[1] § 273.5, subd. (a)); count 3, possession of a firearm, a handgun, by a felon (§ 29800, subd. (a)(1)); and count 4, possession of ammunition by a felon (§ 30305, subd. (a)(1)), with one prior strike conviction for robbery.

---

[1]     All further statutory citations are to the Penal Code.

2.

**Violation of Protective Order**

On March 8, 2019, the trial court personally served appellant with a domestic violence criminal protective order only permitting peaceful contact with the victim.

On August 28, 2019, the trial court terminated the initial protective order, and filed and served appellant with a modified domestic violence criminal protective order prohibiting any contact with the victim.

Approximately one month later, appellant violated the no-contact order and was charged with a misdemeanor. About six weeks after that, appellant again violated the no-contact order, and he was charged with another misdemeanor.

**Suppression Motion**

On March 9, 2020, appellant, represented by privately retained counsel Lawson Renge, filed a motion to suppress evidence pursuant to section 1538.5, based on a search of his vehicle when it was parked at a hospital, during which police officers found the handgun and ammunition inside it. The prosecution filed an opposition. However, the suppression motion was not heard, and the preliminary hearing was continued because of a possible resolution.

**Plea Agreement**

On July 20, 2022, appellant signed a "Felony Advisement, Waiver of Rights, and Plea Form" that stated he would plead no contest to counts 1 and 3, the plea was being entered pursuant to *People v. West* (1970) 3 Cal.3d 595, indicated the remaining two counts, prior strike conviction, and the two new misdemeanor cases would be dismissed, and there would be "no initial state prison."

Appellant initialed each paragraph in the plea form, including that he understood and waived his constitutional rights and he could face a maximum prison term of three years for each count. He initialed the following paragraph, which stated in pertinent part:

3.

"If I violate any of the terms or conditions of my parole or post release community supervision, I can be sentenced to more time in custody for each violation. *If I should receive probation, it could be for a period of up to 5 years and could include up to 1 year in custody as a condition of probation.* I understand that if I violate any terms or conditions of probation I can be sentenced to state prison for the maximum term which may exceed the maximum on my plea bargain." (Italics added.)

Appellant also initialed paragraphs that stated, "[t]he matter of probation and sentence is to be determined solely by the Court," and he was entering his plea freely and voluntarily.

Appellant signed the plea agreement under penalty of perjury, attesting that he had read, understood, and initialed each paragraph. His counsel, Renge, signed the "Attorney's Statement" that declared he reviewed the plea form with appellant, explained each of his rights and answered his questions about the plea, discussed the facts with appellant and explained the consequences of his plea, the elements of the offense, and possible defenses, and concurred with appellant's decision to enter the plea.

## Plea Hearing

Also on July 20, 2022, appellant appeared in the trial court with Renge, who presented the plea agreement to the court. The court stated appellant would plead no contest to counts 1 and 3, and the remaining two felony counts, the prior strike conviction, and his misdemeanor cases would be dismissed.

The trial court advised appellant about the terms of the plea, that he would not receive an initial prison sentence, he would be placed on probation, and he could still be sent to prison if he violated probation. The court asked appellant if he understood the terms and conditions stated in the plea form, initialed each paragraph, signed the plea agreement, and discussed it with his attorney. Appellant said yes.

Appellant pleaded no contest to counts 1 and 3, and the parties stipulated to a factual basis pursuant to *West*. The trial court granted the prosecution's motion to dismiss the remaining two felony counts, the prior strike conviction, and

4.

two misdemeanor cases pursuant to *People v. Harvey* (1979) 25 Cal.3d 754. The court allowed appellant to continue to remain out of custody on bond and set the sentencing hearing.

## Continued Sentencing Hearing

On November 9, 2022, appellant appeared with Renge for the scheduled sentencing hearing. Renge asked the trial court to order appellant to attend a batterer's treatment program instead of imposing additional time. The prosecutor agreed and said he would not ask for additional time.

The trial court stated that it was necessary to find unusual circumstances to place appellant on probation in this case. It was inclined to find those circumstances since the prosecution was not asking for additional time even given the allegations in the case, appellant's prior criminal record, and his prior significant time in custody.

Renge asked the trial court how much custodial time it would impose if it decided to do so. The court said the probation department's recommendation was 365 days in jail as a condition of probation. Renge said that would devastate and severely jeopardize appellant's employment. The court asked appellant if he agreed with Renge's representation, and appellant said yes. The court asked the parties to approach and conducted a bench conference off the record.

The trial court granted appellant's motion for a continuance because Renge wanted "to follow up on some issues regarding different issues related to [the] sentence in this case …."

On January 18, 2023, the trial court again convened the scheduled sentencing hearing. Appellant appeared with Renge, who moved for a continuance because appellant wanted to retain another attorney.

Appellant addressed the trial court and stated his attorney did not go "to bat" for him and the plea deal was for no jail time. Appellant also said Renge told him that he

would move to withdraw the plea if the court tried to impose jail time, and appellant felt "blindsided." Renge declined to comment because of the attorney-client privilege.

The prosecutor stated the plea agreement was for no initial state prison time, but for probation and up to 365 days in jail. Appellant again addressed the trial court and said the plea agreement was for "no prison time whatsoever. There was to be no jail time." The court continued the sentencing hearing.

On September 20, 2023, after numerous continuances, appellant appeared with his newly retained counsel, Brian Andritch, and the trial court granted his motion for another continuance.

**Motion to Withdraw**

On December 13, 2023, appellant filed a motion to withdraw his plea, based on the claim that the trial court and Renge did not advise him about a direct consequence of the plea, that a felony probation sentence could include up to one year in jail.

In his supporting declaration, appellant stated Renge informed him the plea agreement was for probation and he would not spend any more time in jail, Renge did not advise him that probation meant getting up to one year of jail time, the trial court did not advise him that he faced up to one year of jail time, and he thought he would be sentenced to jail only if he violated probation.

On May 9, 2024, the prosecution filed an opposition and argued appellant failed to show good cause because the record refuted his declaration. Appellant initialed and signed the plea form that clearly advised him that he could face up to one year of jail time if he was placed on probation. At the plea hearing, the trial court asked him if he had enough time to review the plea form with his attorney, and appellant said yes.

**The Trial Court's Denial of the Motion to Withdraw**

On May 15, 2024, the trial court conducted the hearing on appellant's motion to withdraw. Andritch acknowledged the plea form stated that appellant could receive up to a year in jail if he was placed on probation but argued that language was not clear

6.

because it was part of a paragraph that addressed other issues about community supervision and parole violations. Andritch argued that at the plea hearing, the court should have orally advised appellant of the possibility of probation with jail time, and in the absence of such an advisement, his plea was not knowing and voluntary. The prosecutor submitted.

The trial court stated appellant was 44 years old, and he had a prior felony and misdemeanor record that showed he was "not a stranger to the court process or [the] court." The court also noted this case began in March 2019, and appellant made 25 appearances for over three and one-half years before the plea agreement was entered.

The trial court denied appellant's motion to withdraw and found the change of plea form was appropriately filled out and appellant signed the document and initialed each paragraph, including those that expressly stated he faced up to one year in jail if he was placed on probation and the sentence was to be solely determined by the court. At the plea hearing, the court went over the terms of the plea agreement, which included dismissal of a prior strike conviction in this case and no initial prison sentence. Prior to taking the plea, the court asked appellant if he had sufficient time to review the terms with his attorney and understood those terms, and appellant said yes. After appellant entered his plea, he was advised that he could remain out of custody until his sentencing hearing.

The trial court further found appellant's supporting declaration was not compelling or persuasive because it directly contradicted the plea agreement that appellant initialed and signed under penalty of perjury, and appellant never declared he would not have taken the plea deal if he had known more time would be served.

**Sentencing Hearing**

On June 3, 2024, the trial court convened the sentencing hearing. Appellant personally addressed the court, apologized for the incident with the victim, and accepted responsibility.

7.

The trial court stated appellant had a criminal history that went back to 1996. In 1998, he was convicted of robbery with a firearm at an ATM and sentenced to 14 years in prison. The robbery conviction was alleged as a strike in this case and dismissed as part of the plea agreement. After appellant was released from prison on the robbery case, he was charged with false impersonation and placed on probation in 2016. He had been off probation for nine months when he committed the offenses in this case.

As to the instant case, the trial court stated the victim had to go to the hospital as the result of appellant's actions and physicality toward her. Appellant lied about the incident when he spoke to law enforcement, claimed he did not know why the victim was at the hospital, and lied about a loaded firearm being in his car. The court found the victim had to "mouth to another individual for help" because appellant held her "hostage between two locations as [he] moved her around to get the proof [he] wanted that she wasn't cheating."

The trial court further noted that while appellant was on bail in this case, he violated the domestic violence no-contact criminal protective order twice and picked up two misdemeanor cases, and these cases were dismissed as part of the plea agreement. The two misdemeanor cases showed that he repeatedly did what he wanted to, and he did not care about the court's orders.

The trial court found it difficult to continue with the plea agreement because of "the fact that [appellant] received the benefit of striking the strike prior, [his] repeated lies to law enforcement, the conduct that [he] had while out of custody[,] and [his] case was pending" when he violated the no-contact order twice.

The trial court suspended imposition of sentence and placed appellant on formal probation for three years pursuant to section 1203.097 and subject to specific terms and conditions, including serving 270 days in jail with credit for four days and successful completion of a batterer's program.

The trial court terminated the prior protective order, and issued and served appellant with another criminal protective order prohibiting contact with the victim for three years. Appellant was remanded into custody.

On June 21, 2024, appellant filed a timely notice of appeal; the trial court granted his request for a certificate of probable cause as to the denial of his motion to withdraw his plea.[2]

## DISCUSSION

As noted above, appellate counsel filed a brief with this court pursuant to *Wende*. The brief also included counsel's declaration that appellant was advised he could file his own brief with this court. On November 4, 2024, this court advised appellant by letter that he could file a supplemental letter or brief raising any arguable issues.

In response, appellant filed a letter with this court that stated he wanted another attorney because his appointed appellate counsel filed the *Wende* brief and failed to challenge the denial of his motion to withdraw his plea. On November 15, 2024, this court denied appellant's request to substitute attorneys and advised appellant that his letter brief was due by December 4, 2024.

Appellant was not entitled to appointment of substitute counsel, and an appellate attorney does not commit ineffective assistance by filing a *Wende* brief because "the appellate court … review[s] the entire record in order to determine whether there [is] any arguable issue." (*People v. Kelly* (2006) 40 Cal.4th 106, 118.)

## A. Motion to Withdraw

Appellant did not file another letter brief, but we will review the denial of his motion to withdraw his plea to the extent he sought to assert that issue in his letter.

---

[2] On October 3, 2024, this court granted appellant's motion to construe the notice of appeal to be "from the judgment entered on June 3, 2024, and taken after a plea of guilty or no contest and based on the sentence or other matters occurring after the plea that do not affect the validity of the plea."

9.

"At any time before judgment, or within six months after an order granting probation if entry of judgment is suspended, a trial court may permit a defendant to withdraw a guilty plea for 'good cause shown.' (§ 1018.) 'Mistake, ignorance or any other factor overcoming the exercise of free judgment is good cause for withdrawal of a guilty plea' under section 1018 [citation], and section 1018 states that its provisions 'shall be liberally construed … to promote justice.' A defendant seeking to withdraw a guilty plea on grounds of mistake or ignorance must present clear and convincing evidence in support of the claim." (*People v. Patterson* (2017) 2 Cal.5th 885, 894.) The defendant must show prejudice in that he or she would not have accepted the plea bargain had it not been for the mistake. (*In re Moser* (1993) 6 Cal.4th 342, 352; *People v. Breslin* (2012) 205 Cal.App.4th 1409, 1416.)

"[A] validly executed waiver form is a proper substitute for verbal admonishment by the trial court. [Citation.] … 'A sufficient waiver form can be a great aid to a defendant in outlining [a defendant's] rights. The defense attorney, who is already subject to a duty to explain the constitutional rights outlined in a proper waiver form to his client prior to the client's entering a plea, may even find it desirable to refer to such a form. Thus, a defendant who has signed a waiver form upon competent advice of his attorney has little need to hear a ritual recitation of his rights by a trial judge. The judge need only determine whether defendant had read and understood the contents of the form, and had discussed them with his attorney.' " (*People v. Ramirez* (1999) 71 Cal.App.4th 519, 521–522.)

"A plea may not be withdrawn simply because the defendant has changed his [or her] mind." (*People v. Nance* (1991) 1 Cal.App.4th 1453, 1456.) "[A] defendant's self-serving statement … [regarding whether] with competent advice he or she *would* [or would not] have accepted a proffered plea bargain, is insufficient in and of itself to [support] the defendant's burden of proof as to prejudice, and must be corroborated independently by objective evidence. A contrary holding would lead to an unchecked

flow of easily fabricated claims." (*In re Alvernaz* (1992) 2 Cal.4th 924, 938; *People v. Breslin*, *supra*, 205 Cal.App.4th at p. 1421.)

"A trial court's decision whether to permit a defendant to withdraw a guilty plea under section 1018 is reviewed for abuse of discretion." (*People v. Patterson*, *supra*, 2 Cal.5th at p. 894.) "[A] reviewing court must adopt the trial court's factual findings if substantial evidence supports them." (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1254.)

**B. Analysis**

The trial court did not abuse its discretion when it denied appellant's motion to withdraw his plea. As noted by the court, appellant never stated in his supporting declaration that, if he had known about the possibility of jail time, he would not have entered into the plea agreement that provided for the dismissal of the other two felony counts and the prior strike conviction in this case, dismissal of the two misdemeanor cases that were filed when he twice violated the criminal protective order while this case was pending, and no initial time in state prison.

At the hearing on his motion to withdraw, appellant argued he should be allowed to withdraw his plea because the trial court failed to verbally advise him of possible jail time at the plea hearing. As explained above, however, a defendant may not withdraw his plea if the court confirmed at the plea hearing that he understood the language on the plea agreement form regarding the terms and conditions of his plea. (*People v. Ramirez*, *supra*, 71 Cal.App.4th at p. 523.) Appellant initialed the paragraphs in the plea agreement that stated that if he was placed on probation, he could receive up to one year in jail, and the matter of probation and sentence were solely for the court's determination. At the plea hearing, the court asked appellant if he understood the terms of the plea agreement, had sufficient time to discuss and ask questions about the terms in the plea form with his attorney, and initialed and signed the document, and appellant said yes.

In denying appellant's motion to withdraw, the trial court reviewed the plea transcript and properly found objective and independent evidence refuted appellant's

11.

self-serving statements in his supporting declaration that he was never advised of the possibility of jail time as a condition of probation.  The court also found appellant failed to declare that he would not have entered the plea if he had known about the possibility of jail time.  The record supports the court's findings that appellant failed to meet his burden and, for the same reason, refutes any claim of prejudice relative to an ineffective assistance claim.

After independent review of the record, we find no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.